(No. 24015.—

VINCENT J. DIMOND, Receiver, Appellant, *vs.* THE COMMISSIONER OF HIGHWAYS OF THE TOWN OF OTTAWA, Appellee.

*Opinion filed June 11, 1937.*

GEORGE V. B. WEEKS, for appellant.

HIBBS & POOL, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Vincent J. Dimond, receiver of the National City Bank of Ottawa, brought suit in the circuit court of LaSalle county against the commissioner of highways of the town of Ottawa to recover $5345.25, unpaid balance on an anticipation warrant for $6000, issued by a former commissioner of highways in anticipation of the 1930 road and bridge levy. On defendant's motion, the court struck the amended complaint and entered judgment for defendant. The constitutionality of certain statutes being involved, the receiver has prosecuted an appeal to this court.

Consonant with statutory requirement the warrant recites that it is "payable solely out of the taxes levied by the

commissioner of highways of said town for the year A. D. 1930, and not otherwise." The suit was begun in 1935. The complaint does not allege that defendant has on hand any of the taxes from the 1930 road and bridge levy, and the recovery sought is not limited to the proceeds of that fund. It is not claimed that the fund was wrongfully dissipated or diverted. The complaint alleges that, due to re-assessment or reduction in assessed valuations of property within the town, there was a deficit in each of the years from 1930 to 1935, inclusive, between the road and bridge levy and the amount collected. In his brief appellant says the reason the warrant was not paid is because of the deficiency of tax collections.

Appellant insists he has a right to recover notwithstanding the recital in the warrant that it is payable solely out of taxes levied for road and bridge purposes for 1930 and not otherwise. He predicates his contention upon three so-called "validating" acts of the General Assembly. The first of these acts, approved June 26, 1931, (State Bar Stat. 1935, chap. 146a, par. 15, *et seq.*; Smith-Hurd Stat. 1935, chap. 146½, par. 19, *et seq.*;) provides that where, prior to its effective date, any municipal corporation has levied taxes for any statutory purpose and thereafter has authorized the issuance of warrants against and in anticipation of the collection of such taxes, and by reason of a re-assessment, quadrennial assessment or otherwise, there has been a reduction in the assessed valuation of property within such municipal corporation, or in the collection of taxes, all such warrants in the amounts provided by law against and in anticipation of such taxes are validated to the extent that the principal and interest to date of payment do not exceed the amount levied as computed by the applicable tax rate and extended, and in anticipation of which such warrants were issued. Any such municipal corporation is authorized to pay the principal and interest of such warrants "from any available revenues derived from taxes or

otherwise," notwithstanding the principal and interest "exceeds the amount of taxes so levied as computed by the tax rate applicable thereto and extended and/or notwithstanding the amount of such taxes collected is not sufficient to pay the principal of and interest upon such warrants."

The second act relied upon, approved June 21, 1933, (State Bar Stat. 1935, chap. 146a, par. 18, *et seq.;* Smith-Hurd Stat. 1935, chap. 146½, par. 21a, *et seq.;*) purports to validate anticipation warrants issued prior to January 1, 1933, to the extent that the principal does not exceed the levy as computed by the applicable tax rate and extended, and authorizes their payment with interest "from any available revenues derived from taxes or otherwise," notwithstanding the principal and interest "exceeds the amount of the taxes so levied as computed by the tax rate applicable thereto and extended."

The other act, approved July 5, 1935, (State Bar Stat. 1935, chap. 146a, par. 21, *et seq.;* Smith-Hurd Stat. 1935, chap. 146½, par. 21e, *et seq.;*) provides that warrants theretofore issued in anticipation of the collection of taxes levied, showing on their face that they are payable solely out of such taxes when collected and not otherwise, which have been disposed of and the municipal corporation has actually received the value thereof, are validated to the extent that their amount is within the limit imposed by law and does not exceed the total amount received by such corporation therefor. This act merely validates warrants payable solely out of taxes against which they are drawn, and does not purport to authorize their payment out of any other revenues or from any other source. Obviously, it has no application in this case where a general recovery is sought.

The legal status and effect of anticipation warrants have been recently and exhaustively considered by this court in *Berman* v. *Board of Education,* 360 Ill. 535. We there held that anticipation warrants do not constitute any obligation

between the taxing body and the purchaser or holder thereof. The person receiving the warrant discharges the corporation from all liability on account of the obligation for which it was drawn. When the warrant is issued and accepted or sold, the transaction is closed on the part of the municipality, leaving no future obligation upon it, either absolute or contingent, whereby its debt may be increased. The holder of such warrant must look to the specific fund set apart for its payment. We pointed out that, under section 9 of article 9 of the constitution, all taxation by municipal corporations must be for corporate purposes, and that bonds purporting to be a general obligation of the municipality and issued in payment of anticipation warrants, are not for a corporate purpose and are therefore invalid. It follows that a judgment on such a warrant, the payment of which could be exacted from general funds, falls within the same category. We further held, in the *Berman case,* that if a statute results in taxation for other than corporate purposes, it violates the due process clause of the constitution.

Each of the acts of 1931 and 1933, in providing for the payment of anticipation warrants out of any available revenue derived from taxes or otherwise, other than the fund anticipated, violates section 9 of article 9, and the due process clause, of the constitution. Appellant's suit based thereon must necessarily fail.

The alleged right of a municipal corporation to incur a legal liability for a moral obligation on the ground that it involves the public welfare was considered in the *Berman case,* and we adhere to the principles there announced.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*