(No. 25632.—

FRANK C. LEVITON, Appellant, *vs.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed June 14, 1940—Rehearing denied Dec. 10, 1940.*

Shaw, J., dissenting.

Ross & Watts, (Wadsworth Watts, and Keith I. Parsons, of counsel,) for appellant.

Barnet Hodes, Corporation Counsel, and Richard S. Folsom, (Frank S. Righeimer, Frank R. Schneberger, Ralph W. Condee, and James W. Coffey, of counsel,) for appellees.

Mr. Justice Gunn delivered the opinion of the court:

Appellant, Frank C. Leviton, on behalf of himself and other taxpayers, brought suit against the board of education and certain officials of the city of Chicago, in the circuit court of Cook county, seeking an injunction restraining them from issuing, certifying or selling any bonds for the purpose of satisfying certain judgments against the board of education of the city of Chicago, as purported to be authorized by the act of July 12, 1937. (Laws of 1937, p. 1083.) A motion to dismiss was sustained and the petition dismissed for want of equity.

Appellant, among other things, contends that the act in question violates the constitution of the State of Illinois, which contention gives this court jurisdiction on direct appeal. In the year 1929, school tax levies as extended in the city of Chicago for all school purposes amounted to slightly in excess of $66,000,000, after deducting a reserve for loss and cost of collection. Tax anticipation warrants were issued against this fund in excess of $63,000,000. The total amount of the levy was considerably larger, but, by the time the rate was extended by the county clerk, the valuation of the real estate in the school district had been reduced by a new assessment of real estate so that the amount anticipated exceeded seventy-five per cent of the tax which could be collected.

The legislature enacted a law in 1933 authorizing the issuance of $10,000,000 in bonds for the purpose of raising funds to pay the unpaid warrants of the 1929 levy, but this law was held unconstitutional in *Berman* v. *Board of Education,* 360 Ill. 535. At the time of filing this suit, warrants to the amount of about $53,000,000 had been paid, leaving unpaid tax warrants aggregating more than $10,000,000 and there were no funds to pay them. In 1936, the United States District Court rendered a judgment against the board of education of the city of Chicago for the principal sum of $1,090,591.37, in favor of the holder of 1929 school anticipation warrants. This judgment was affirmed by the United States Circuit Court of Appeals. (*Board of Education* v. *Norfolk and Western Railway Co.* 88 Fed. (2) 462.) Prior to the filing of the complaint in this case, numerous suits were brought by holders of such anticipation warrants, and judgments obtained against the board of education in the circuit and superior courts of Cook county, from which no appeal was taken. In 1937, the legislature enacted a law which authorized any school district having a population exceeding 500,000 inhabitants to issue bonds to pay judgment indebtedness based upon the

order or decree of any court of record, but provided such bonds should not be issued to pay any judgments rendered for money due upon unpaid claims for services, supplies or materials. The bonds could be issued when authorized by an ordinance adopted by the city council, and could bear interest at the rate of not to exceed five per cent, payable within twenty years and callable at par, plus accrued interest.

On September 15, 1939, steps were taken for the issuance and sale of $80,000 of such bonds purporting to be issued under authority of this statute, to discharge a judgment obtained in the circuit court of Cook county by F. J. Lewis, in the principal sum of $73,371. The record discloses judgments have been obtained against the board of education in excess of $2,000,000, all based upon the nonpayment of the 1929 anticipation warrants, and that it is the intention of the board of education to discharge said judgments by money derived from the sale of the bonds authorized under the act of 1937.

Appellant makes the following contentions: First, that the plaintiff, and those in behalf of whom he sues, are not bound by the decrees and judgments of the several courts above mentioned because tax warrants constituting the basis of liability do not constitute valid obligations of the board; second, the judgments in the circuit and superior courts are constructively fraudulent and not binding on the taxpayers; third, that the act of July 12, 1937, violates section 22 of article 4 of the constitution as being special legislation, and also section 9 of article 9, which prohibits the board of education from levying taxes which will be used for purposes other than corporate purposes.

The school warrants were all issued before the passage of the act of 1935, requiring the warrants to be numbered consecutively and paid in the order of their issuance, beginning with the one having the lowest number. The United States Circuit Court of Appeals held, in substance, that the

holders of warrants were entitled to be paid *pro rata* out of the taxes collected, and that the board of education was obligated, as a trustee, to see that each holder of warrants received his share of the funds collected, and directed that the taxes collected from the 1929 levy be distributed, from time to time, and an accounting was ordered to determine the amount due plaintiff in that case. This decision is based on a breach of trust on the part of the board of education in not prorating the 1929 taxes collected, to the holders of warrants, proportionately.

As we read this decision, no accounting is required from anything except the 1929 school taxes, as collected. The ultimate relief depends on the accounting. In so deciding the Circuit Court of Appeals relied on the cases holding a city is under obligation to account when it collects assessments for local improvement bonds. In the case of these bonds the holders are entitled to the entire assessment collected and the city merely acts as a collector to distribute all the money *pro rata* on the bonds, to discharge a debt owed. (*Rothschild* v. *Village of Calumet Park,* 350 Ill. 330.) A tax anticipation warrant is simply an assignment of tax money which directs the treasurer to pay the holder. In the alternative, it can be presented to the tax collector in full discharge of taxes. We have repeatedly held no debt is created by an anticipation warrant, (*Berman* v. *Board of Education, supra,*) and after delivery there is no future obligation upon it, either absolute or contingent, to pay out of anything except the levy anticipated, when collected. *Dimond* v. *Comr. of Highways,* 366 Ill. 503.

In *City of Springfield* v. *Edwards,* 84 Ill. 626, speaking with reference to the application of taxes to the payment of anticipation warrants, this court said: "The duty remains for the proper officers to collect and pay over the tax in accordance with the appropriation—but obviously for any failure in that regard the remedy must be against the officers and not against the corporation, for otherwise

a contingent debt would in this way be incurred by the corporation." This principle is followed in *Booth* v. *Opel,* 244 Ill. 317.

A school district is a *quasi* municipal corporation. (*Roumbos* v. *City of Chicago,* 332 Ill. 70; *Melin* v. *School District,* 312 id. 376; *Kinnare* v. *City of Chicago,* 171 id. 332.) Such *quasi* municipal corporation is not liable for a breach of duty by its officers. (*Elmore* v. *Drainage Comrs.* 135 Ill. 269; *Kinnare* v. *City of Chicago, supra; Bradbury* v. *Vandalia Drainage District,* 236 Ill. 36; *Roumbos* v. *City of Chicago, supra.*) In the *Elmore case,* with respect to the liability of a *quasi* corporation, this court said: "So, also, it is admitted law that municipal corporations proper, such as villages, towns, and cities which are incorporated by special charters or voluntarily organized under general laws, are liable to individuals injured by their negligent or tortious conduct, or that of their agents and servants, in respect to corporate duties. In regard to public involuntary *quasi* corporations the rule is otherwise, and there is no such implied liability imposed upon them. These latter,—such as counties, townships, school districts, road districts, and other similar *quasi* corporations,—exist under general laws of the State, which apportion its territory into local subdivisions, for the purposes of civil and governmental administration, and impose upon the people residing in said several subdivisions, precise and limited public duties, and clothe them with restricted corporation functions, co-extensive with the duties devolved upon them. In such organizations the duties, and their correlative powers, are assumed *in invitum,* and there is no responsibility to respond in damages, in a civil action, for neglect in the performance of duties, *unless such action is given by statute.* [Citations.] * * * The non-liability of the public *quasi* corporation, unless liability is expressly declared, is usually placed upon these grounds: That the corporators are made such *nolens volens,* that

their powers are limited and specific, and that no corporate funds are provided which can, without express provision of law, be appropriated to private indemnification. Consequently, in such case, the liability is one of imperfect obligation, and no civil action lies at the suit of an individual for non-performance of the duty imposed."

The cases of *People* v. *Village of Bradley,* 367 Ill. 301, *Rothchild* v. *Village of Calumet Park, supra,* and *Conway* v. *City of Chicago,* 237 Ill. 128, all involve a city or village which are voluntary corporations and not *quasi* municipal corporations, which fact distinguishes such cases from those above cited dealing with *quasi* municipal corporations.

The judgments of the circuit and superior court are based upon the same grounds as those of the United States Circuit Court of Appeals and no appeal was taken from these judgments.

. Appellant says these judgments are void because predicated upon the 1929 warrants. Appellees reply that the board appeared and made defense, and hence all taxpayers are bound by the judgment. Fraud and collusion are not directly charged in the complaint but the fact that judgments were obtained and no appeal taken, together with knowledge of the board officials of the decision in the *Berman case,* is urged as constituting constructive fraud. The situation is anomalous. In the *Berman case* the taxpayer was the plaintiff and the board of education was the defendant. The matter litigated was the right of the board to issue bonds to pay anticipation warrants. The taxpayer urged that the board could not issue and sell such bonds because it was contrary to section 9 of article 9 of the constitution, and this court upheld this contention. The decision held that funds derived from other sources by legislative act, to be used to pay these 1929 warrants, were prohibited by the constitution. The proposed use of the money thus obtained was the controlling factor of the case.

In the case before us, holders of these 1929 warrants obtained judgments against the board of education, which are said to bind the taxpayer so he cannot enjoin the issuance of bonds to pay a claim now reduced to judgment, which we previously held was illegal as violative of section 9 of article 9 of the constitution. It is true that the public and the taxpayers are, in most instances, bound by a judgment against the municipality because they are presumed to have like interests. (*People* v. *Ford,* 289 Ill. 550; *Harmon* v. *Auditor of Public Accounts,* 123 id. 122.) The presumed interest of the taxpayer and the board of education does not actually exist in this case. In the *Berman case* the attitude of the board was adverse to the taxpayers, as it claimed the tax body should be burdened with bonds to pay anticipation warrants and the taxpayers claimed the opposite. In the case at bar, while, presumptively, the board, in filing answers to the suits in the circuit and superior courts, was acting for the public, in reality it was acting adversely, because it is now contending for the same result it prayed in the *Berman case,* namely, to pay the 1929 anticipation warrants, now merged or converted into the form of judgments, with the proceeds of bonds, the principal and interest of which will be paid from new taxes. The record shows a situation akin to *res judicata* in favor of the taxpayer and against the board, because the issue decided in the *Berman case* was the illegal authorization of the payment of 1929 tax warrants with money from sources other than the 1929 school tax. The *Berman case* was binding on all questions within the issue, (*Harmon* v. *Auditor of Public Accounts, supra,*) but the position now taken by the appellees would accomplish the same result in a different manner.

Numerous judgments were obtained, at about the same time, against the board. The board knew a fund created to pay the 1929 school warrants had been held invalid. The

interests of the taxpayers and the board of education in respect to raising money for this particular purpose were actually adverse, and the judgments were allowed upon a theory of liability never approved by this court. The judgments thus rendered either had the twenty-nine warrants as a basis of liability or the breach of duty by an officer of a *quasi* municipal corporation as a basis of liability, neither of which could create one under the constitution. A judgment so rendered is presumptively void.

In *People* v. *Illinois Central Railroad Co.* 298 Ill. 516, we quoted with approval from *Lindsay* v. *Allen,* 112 Tenn. 637, where it is said: "While it is proper and just that even the rights of the public of and concerning any special matter should be concluded by one fair litigation in which the matters involved were faithfully presented and considered, it should be emphasized that the litigation must be *bona fide,* fair and honest from beginning to end." While this was said with respect to a taxpayer binding the municipality, we think it has equal application to a case where the municipality undertakes under present circumstances to bind the taxpayer. The situation renders *People* v. *Ford* and other like cases inapplicable.

It is not necessary to decide what effect this situation has on such judgments other than to hold the taxpayers are not barred from contesting the validity of the act of 1937 authorizing bonds to be used as a means of paying them.

The complaint alleges that the act of 1937, authorizing the issuance of bonds to pay these judgments, is void. The motion to strike and dismiss admits the allegations of the complaint. Under the Civil Practice act exhibits are a part of the complaint. The judgment entered in the circuit court, set out in the complaint by way of exhibit, discloses the plaintiff in the *Lewis case,* for the discharge of whose judgment the $80,000 in bonds are to be issued, owned $35,000 of warrants against the educational fund and $30,000 of

warrants against the building fund of the 1929 taxes. The sale of these bonds will furnish money to pay his judgment in full. When these bonds are issued a direct annual tax will be levied to pay principal and interest. If the bonds run for the full period, $4000 a year for twenty years will be collected. This tax will be collected to pay interest, and is paid out of money not coming from the 1929 taxes. We assume that all the judgments obtained, and probably all like liability upon the unpaid warrants of 1929, will be discharged in this way. Interest in the sum of $500,000 a year for twenty years is authorized. It is plain that the result of the transaction will be that the board of education will pay out millions of dollars in excess of the amount that could be collected by the holders of the tax warrants from the tax fund itself. In *Berman* v. *Board of Education, supra,* we distinctly held that the holders of tax anticipation warrants must look to the specific tax assigned for the payment of the warrants. In the *Berman case* the board of education was authorized to issue $10,000,000 for the purpose of paying tax warrants. It was held that this act was void because it violated section 9 of article 9 of the constitution as it authorized the payment of a tax warrant which was not a corporate purpose because a tax warrant does not create a debt. We can not close our eyes to the fact that the only distinction between this case and the *Berman case* lies in the fact that a judgment has been obtained upon the assumption that the tax warrant creates an obligation which resulted in a debt, and the bonds are issued to discharge the judgment, which will effectuate the very object this court declared to be illegal in the *Berman case*. In *Green* v. *Hutsonville School District,* 356 Ill. 216, where judgment was obtained for an obligation in excess of the constitutional limit, and years afterwards bonds to an amount within the debt limit were voted to pay this judgment, this court said: "We have held that it makes no difference under what guise or by what sort of trick the

attempt is made, an indebtedness in excess of the constitutional limit cannot be voluntarily created." This language is appropriate to the present situation.

In *Dimond* v. *Comr. of Highways, supra,* a suit was brought on an anticipation warrant issued by the commissioner of highways. There was no money collected out of which to pay it, but the legislature had enacted a statute which provided that anticipation warrants of such character could be paid from any available revenue derived from taxes or otherwise. In holding this validating act void the court, in confirming the holding in the *Berman case,* said: "When the warrant is issued and accepted or sold, the transaction is closed on the part of the municipality, leaving no future obligation upon it either absolute or contingent, whereby its debt may be increased. The holder of such warrant must look to the specific fund set apart for its payment. We pointed out that, under section 9 of article 9 of the constitution, all taxation by municipal corporations must be for corporate purposes, and that bonds purporting to be a general obligation of the municipality and issued in payment of anticipation warrants are not for a corporate purpose and are therefore invalid. It follows that a judgment on such a warrant, the payment of which could be effected from general funds, falls within the same category."

The complaint charges directly that the judgment for which bonds are to be issued is to discharge anticipation warrants. The bonds are a general obligation to be paid from a direct annual tax. The complaint discloses tax warrants have been reduced to judgment and a device is thereby created whereby apparently a judgment, instead of an anticipation warrant, is being paid from other revenues.

We have held the statutory limitation of the amount that may be raised by taxation cannot be avoided by permitting obligations to take the form of judgments. To do so would open the door to an evasion of the statutory limitation of taxation. (*People* v. *Cleveland, Cincinnati, Chicago and*

*St. Louis Railway Co.* 300 Ill. 368; *Chicago and Alton Railroad Co.* v. *People,* 177 id. 91.) This principle applies when taxes are levied to be used for a purpose contrary to the provisions of the constitution.

To the extent that the act of July 12, 1937, authorizes bonds to be issued and sold to discharge judgments based on liability arising out of unpaid tax anticipation warrants, it is void because of the prohibition contained in section 9 of article 9 of the constitution. This makes it unnecessary to pass on the other points raised in the briefs.

The decree of the circuit court is reversed and the cause is remanded, with directions to overrule the motion to dismiss the complaint.

*Reversed and remanded, with directions.*

Mr. JUSTICE SHAW, dissenting.