(Nos. 27489-27495, incl.—

CHICAGO CITY BANK AND TRUST COMPANY *et al.*, Appellees, *vs.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Appellant.—IRVING K. HUTCHINSON *et al.*, Appellees, *vs.* Same Appellant.—WAUKESHA LIME & STONE COMPANY *et al.*, Appellees, *vs.* Same Appellant.—F. J. LEWIS, Appellee, *vs.* Same Appellant.—BOSTON STOCK EXCHANGE *et al.*, Appellees, *vs.* Same Appellant.—RECONSTRUCTION FINANCE CORPORATION, Appellee, *vs.* Same Appellant.—CHARLES H. DEPPE *et al.*, Appellees, *vs.* Same Appellant.

*Opinion filed March 21, 1944—Rehearing denied May 11, 1944.*

Richard S. Folsom, (Frank S. Righeimer, Frank R. Schneberger, and James W. Coffey, of counsel,) all of Chicago, for appellant.

Poppenhusen, Johnston, Thompson & Raymond, Rathje, Hinckley, Kulp & Sabel, Urion, Bishop & Sladkey, Lee Walker, and M. O. Hoel, (Floyd E. Thompson, and Albert E. Jenner, Jr., of counsel,) all of Chicago, for appellees.

Mr. Chief Justice Smith delivered the opinion of the court:

In this consolidated cause, appellant, Board of Education of the City of Chicago, seeks a reversal of orders denying its motions to vacate the judgments in seven separate cases. In No. 27489, Chicago City Bank and Trust Company et al. v. Board of Education of the City of Chicago; No. 27490, Irving K. Hutchinson et al. v. Same; No. 27491, Waukesha Lime & Stone Company et al. v. Same; No. 27492, F. J. Lewis v. Same; No. 27493, Boston Stock Exchange et al. v. Same; and No. 27494, Reconstruction Finance Corporation v. Same, the orders from which the appeals were taken were entered by the circuit court of Cook county. In No. 27495, Chas. H. Deppe et al. v. Board of Education of the City of Chicago, the appeal is from an order entered by the superior court of Cook county. The judgments which appellant sought to have the courts below set aside were entered in 1938 and

1939, against the board of education, alone. The motions to vacate were filed in November, 1942.

The judgments here involved are those referred to in the opinion in *Leviton* v. *Board of Education of the City of Chicago,* 374 Ill. 594. The cases are here solely on questions of law. Reference will be made to such facts only as are deemed necessary to a correct understanding of the issues to be determined.

From the pleadings it appears that for the year 1929, taxes were levied for school purposes in the city of Chicago, aggregating approximately $95,000,000. Anticipation warrants were issued against the taxes so levied in excess of $63,000,000. The total anticipation warrants issued were less than 75 per cent of the taxes levied. However prior to the time the taxes were actually extended, the assessed valuation of real estate was materially reduced by a reassessment which was ordered by the State Tax Commission. This delayed the extension of the taxes for some two years. The taxes actually extended were slightly in excess of $66,000,000. As the taxes were collected, the funds applicable to the payment of anticipation warrants were not distributed pro rata to the payment of outstanding warrants. The warrants were paid in the order in which they were issued. As a result, some of the warrants were paid in full and no payments whatever were made on others. At the time these suits were instituted, some $53,000,000 of the warrants had been paid, leaving unpaid warrants in excess of $10,000,000, plus accrued interest, for the payment of which there were no funds available from the taxes collected.

In 1933 the legislature passed an act purporting to authorize school districts in cities having a population exceeding 500,000 inhabitants, to issue bonds for the purpose of paying outstanding unpaid tax anticipation warrants. (Laws of 1933, p. 1012.) This Act was held invalid by this court in *Berman* v. *Board of Education,* 360 Ill. 535,

for the reason that the payment of such warrants would not constitute an expenditure for corporate purposes.

In 1937 the legislature passed an act purporting to authorize school districts in any city having a population exceeding 500,000 inhabitants, to issue bonds to pay judgment indebtedness based upon any order or decree of any court of record, theretofore or thereafter entered. (Laws of 1937, p. 1083.) On September 15, 1939, steps were taken for the issuance and sale of $80,000 of bonds for such purpose, purporting to be issued under the authority of said statute. Said bonds were to be issued for the purpose of discharging the judgment entered in cause No. 27492, on this appeal, in favor of F. J. Lewis. This judgment was entered on April 21, 1939. Prior to the proposed issue of bonds referred to, judgments had been entered in all of the other cases consolidated on this appeal, except No. 27495. The judgment in that case was entered later. These judgments aggregated several million dollars. The validity of the act of 1937, purporting to authorize such bond issue, was challenged by a taxpayer in *Leviton* v. *Board of Education,* 374 Ill. 594. We there held that said act was invalid for the reason that it purported to authorize bonds to be issued which would be payable by taxation; that the purpose for which such bonds were to be issued was not a corporate purpose, and was not a purpose for which the school district could levy taxes; that the issuance of such bonds would violate section 9 of article IX of the constitution.

Thereafter, the board of education filed a motion in each case to vacate the judgment. These motions were based on the ground that the judgments were alleged to be void. This contention is based on the fact that the judgments were entered against the school board for the wrongful diversion of taxes collected, applicable to the payment of anticipation warrants. The liability, established by the judgments sought to be set aside, is based upon the failure

of the officers of the school board to distribute the taxes collected to the payment of all outstanding anticipation warrants pro rata. The finding in the judgment, as to the basis of the liability in each case, is substantially as follows: "(II) The Court finds that large amounts of money have been received by the Board of Education of the City of Chicago on account of said tax levies and have been wrongfully diverted and distributed contrary to the requirements of the law and in breach of trust on several separate occasions prior to the filing of the complaint herein, and on each of said occasions the money so distributed should have been distributed pro rata among all of the owners and holders of the said tax anticipation warrants, including the plaintiffs. (III) And the Court finds from the evidence adduced and from the accounting had in open court that the plaintiffs, and each of them, are entitled to have judgment against the defendant, Board of Education of the City of Chicago, for the respective pro rata amounts based upon the ratio of the warrants held by each of the plaintiffs, respectively, to the total amount of warrants issued, less the warrants surrendered to the County Collector for the payment of taxes from time to time, * * *."

It should be noted in this connection that the warrants involved were all issued prior to the passage of the 1935 amendment to section 132 of the School Law, requiring such warrants to be numbered consecutively and paid in the order issued, beginning with the lowest number. Ill. Rev. Stat. 1943, chap. 122, par. 155.

In the *Berman case* this court held that the tax anticipation warrants, which constituted the basis for the judgments, were not liabilities of the school district; that the act of 1933 purporting to authorize the school district to issue bonds for the payment of such warrants was invalid for the reason that this would constitute the use of tax funds of the district for a noncorporate purpose, in viola-

tion of section 9 of article IX of the constitution. The decision in the *Berman case* is supported, in principle, by an unbroken line of decisions of this court. In commenting on that case in *Leviton* v. *Board of Education,* 374 Ill. 594, we said: "The matter litigated was the right of the board to issue bonds to pay anticipation warrants. The taxpayer urged that the board could not issue and sell such bonds because it was contrary to section 9 of article 9 of the constitution, and this court upheld this contention. The decision held that funds derived from other sources by legislative act, to be used to pay these 1929 warrants, were prohibited by the constitution. The proposed use of the money thus obtained was the controlling factor of the case."

Thereafter, by the passage of the act of 1937, the legislature attempted to confer upon school districts, in any city containing more than 500,000 inhabitants, the power to issue bonds to pay judgments. It was held in the *Leviton case* that this act also violated section 9 of article IX of the constitution, in so far as it purported to authorize the issuance of bonds to pay judgments which had been entered on anticipation warrants.

As already stated, the judgments here were based upon the supposed liability of the school district resulting from the failure of its officers to distribute taxes collected, applicable to the payment of anticipation warrants, pro rata. The rule announced by this court in *Rothschild* v. *Village of Calumet Park,* 350 Ill. 330, and *People ex rel. Anderson* v. *Village of Bradley,* 367 Ill. 301, was applied by the courts below. The judgments were entered against the school district based upon the wrongful diversion of funds by its officers. It is the contention of appellant that the board of education is a *quasi*-municipal corporation, and is not liable for the *ex delicto* acts of its officers or agents; that, in entering the judgments against the board of edu-

cation, the courts did not merely enter erroneous judgments but entered judgments beyond their jurisdiction and which they had no power to enter.

A school district is a *quasi*-municipal corporation. Such corporations are not liable for a breach of duty of their officers. *Leviton* v. *Board of Education*, 374 Ill. 594; *Melin* v. *Community Consolidated School District*, 312 Ill. 376; *People ex rel. Biddison* v. *Board of Education*, 255 Ill. 568; *Bradbury* v. *Vandalia Levee and Drainage District*, 236 Ill. 36; *Kinnare* v. *City of Chicago*, 171 Ill. 332; *Elmore* v. *Drainage Comrs.* 135 Ill. 269.

Appellees deny the application of this rule. They contend that the judgments were entered in cases where the court had jurisdiction of the parties and of the subject matter; that the judgments became final with the expiration of thirty days from the dates they were entered, and that the courts below were without jurisdiction to vacate said judgments after that time, although it be conceded that they were erroneously entered.

The question of the liability of the board of education for the payment of the anticipation warrants here involved, and its right to pay such warrants with funds raised by taxation, was first before this court in *Berman* v. *Board of Education*, 360 Ill. 535. That was a suit brought by a taxpayer to enjoin the board from issuing bonds in the amount of $10,000,000 for the payment of such anticipation warrants. The authority to issue the bonds for that purpose was claimed under an act of the General Assembly, approved on July 10, 1933. (Laws of 1933, p. 1012.) The act purported to grant such authority. The trial court sustained a demurrer to the bill. On appeal to this court the order sustaining the demurrer was reversed. This court held the act invalid and remanded the cause to the circuit court with directions to overrule the demurrer to the bill.

In the course of the opinion in that case, it was held that these anticipation warrants were not liabilities of the

school district; that the payment thereof from the proceeds of the sale of the bonds, which would have to be paid by taxation, would clearly violate section 9 of article IX of the constitution. Thereafter, the judgments here involved were entered.

In *Leviton* v. *Board of Education*, 374 Ill. 594, the liability of the school district on the warrants and its right to pay them with funds raised by taxation, was again before this court. That was also a suit brought by a taxpayer to enjoin the board of education from issuing the bonds of the school district in the amount of $80,000, for the payment of the judgment which had been entered in favor of F. J. Lewis, in cause No. 27492, on this appeal. The authority to issue the bonds was asserted by the board under the act of the General Assembly, filed on July 12, 1937. (Laws of 1937, p. 1083.) That act purported to authorize the board to issue the bonds of the district to pay "judgment indebtedness based upon order or decree of any court of record heretofore or hereafter entered." It expressly provided that no such bonds could be issued "to pay any judgments rendered for money due upon unpaid claims for services rendered, for supplies, or for materials." Obviously, the exception left in the act only judgments on claims based on the anticipation warrants, or on bonds issued by the board of education. A motion to dismiss the complaint in that case was sustained and the suit was dismissed by the trial court for want of equity. Upon appeal to this court, the decree of the circuit court was reversed and the cause was remanded with directions to overrule the motion to dismiss the complaint. In the course of the opinion in that case, it was again held that the district was not liable for the payment of the anticipation warrants, and could not lawfully pay the same by taxation. It was urged in that case that our holding in the *Berman case* that the anticipation warrants were not liabilities of the school district, which it could pay by taxation, was not controlling;

that the *Berman case* involved the payment of the anticipation warrants from the proposed bond issue; that a different question was presented in the *Leviton case* for the reason that the judgments were based on the wrongful acts of the officers of the district in failing to distribute the taxes collected *pro rata* to the payment of the warrants; that the payment of such judgments with funds obtained from the sale of the bonds, was authorized by the above act of 1937. In disposing of this contention the following language was used: "The judgments thus rendered either had the twenty-nine warrants as a basis of liability or the breach of duty by an officer of a *quasi*-municipal corporation as a basis of liability, neither of which could create one under the constitution." The conclusion reached was that, notwithstanding the judgments here involved were not based directly upon the anticipation warrants, but purported to be entered for a breach of duty by the officers of the district, in the distribution of tax money, available for the payment of the anticipation warrants, this did not change or affect the liability of the district. We there said, quoting from *Dimond* v. *Comrs. of Highways,* 366 Ill. 503, "under section 9 of article 9 of the constitution, all taxation by municipal corporations must be for corporate purposes, and (that) bonds purporting to be a general obligation of the municipality and issued in payment of anticipation warrants are not for a corporate purpose and are, therefore, invalid. It follows that a judgment on such a warrant the payment of which could be effected from general funds, falls within the same category." The decree of the circuit court was reversed and the cause was remanded with directions to overrule the motion to dismiss the complaint.

The question was next before this court in *People ex rel. Toman* v. *Granada Apartment Hotel Corp.* 381 Ill. 41. The question there arose on an objection filed to an application for judgment for school taxes. The budget on which the

tax levy was based included an item of bonds issued under the act of June 28, 1930. (Laws of 1930, sp. sess. p. 93.) This statute assumed to authorize the board of education to issue bonds for the purpose of paying warrants issued in anticipation of the collection of taxes for the years 1928 and 1929, for educational purposes. It was there said: "Our recent decision in *Leviton* v. *Board of Education,* 374 Ill. 594, held that an act purporting to authorize the issuance of bonds to pay judgments against the board of education of the city of Chicago was void as applied to judgments on tax anticipation warrants. The present attempt to accomplish by indirection what obviously cannot be done directly represents another effort to obtain liquidation of tax anticipation warrants in contravention of the law."

The *Leviton case,* (374 Ill. 594,) which we reversed and remanded with directions to overrule the motion to dismiss the complaint, was back in this court on an appeal filed to the September term, 1943, the same term at which the appeals were filed in these consolidated cases. After the *Leviton case* was redocketed in the circuit court issues were joined and the cause heard on the merits. A decree was entered enjoining the board of education and its officers, together with the mayor and comptroller of the city of Chicago, from issuing, certifying or selling bonds of the board of education to obtain funds to satisfy the judgment held by F. J. Lewis (No. 27492) in this case against the board of education. That decree was reviewed on the merits and in an opinion filed at the January term, 1944, the decree of the circuit court was affirmed. (*Leviton* v. *Board of Education,* 385 Ill. 599.) In the opinion in that case, all the prior litigation concerning the tax anticipation warrants here involved was reviewed and all of the contentions in support of the authority to pay the Lewis judgment with tax funds of the district were fully considered. It was there said: "Lewis advances various con-

tentions by which he seeks to avoid the application of the foregoing principle to his judgment. He calls attention to the fact that in obtaining his judgments he did not declare upon the warrants but limited his right to recovery to an amount he should have received from the tax money collected on the 1929 levy had it been paid *pro rata* on all warrants issued against the fund. The difference in the character of the actions does not in itself obviate the application of the rule, for if plaintiff's theory of recovery was but a plan of procedure designed to impose a liability upon the school district to pay a tax anticipation warrant, then the judgment could not be paid from the bond fund, for it would be the using of money, later to be replaced by tax levy, for other than a corporate purpose. The constitutional requirement that it can not be levied for other than corporate purposes can not be circumvented by a mere matter of form. On the former appeal, (374 Ill. 594,) it was pointed out that judgments such as Lewis had must be founded either upon a liability upon the warrants or a liability for the breach of duty by the officers of a *quasi*-municipal corporation, neither of which could be enforced against the board of education." All questions concerning the liability of the school district for, or its authority to pay, such anticipation warrants, from tax money, were fully considered and disposed of.

This review of the former cases, involving the litigation of the same question involved on this appeal, has been made for the purpose of demonstrating that it has been definitely settled by those decisions that the board of education could not be held liable on the anticipation tax warrants and could not lawfully pay the same, even after the supposed liability had been changed into a judgment against the school board, purporting to have been entered, not on the warrants, but on a supposed liability of the district, growing out of the wrongful distribution of taxes collected, applicable to the payment of the war-

rants. The result is that it has been settled by the decisions of this court that the board of education is not liable to pay the judgments here involved, nor can it lawfully do so, with funds raised by taxation, under section 9 of article IX of the constitution. It has no other means of raising money. This is tantamount to a decision that the judgments created no liability against the board of education, and cannot be paid by it, under the constitution. As the record now stands, the judgments are judgments of record which, under the above decisions of this court, the board of education cannot lawfully pay. By the final decision in the *Leviton case*, 385 Ill. 599, the board and its officers, as well as the mayor and comptroller of the city of Chicago, have been permanently restrained and enjoined from paying the Lewis judgment out of the proceeds of a bond issue, which bonds would have to be paid by taxation. While the Lewis judgment was the only judgment directly involved in the *Leviton case*, all the judgments considered on this appeal are in the same position. In this situation, the board of education, by this appeal, asks us to hold the judgments invalid by reversing the orders of the superior and circuit courts of Cook county, denying its motions to vacate the judgments. On the other hand, the appellees, who are the owners of the judgments, ask us to hold the judgments valid by affirming the orders of the courts below, denying the motions to vacate.

From the foregoing, it would seem obvious that the questions presented by this appeal are essentially academic, if not actually moot.

A question is said to be moot when it presents or involves no actual controversy, interests or rights of the parties, (*Wick* v. *Chicago Telephone Co.* 277 Ill. 338,) where the issues have ceased to exist. (*Jones* v. *Clark*, 355 Ill. 527.) There is also a class of cases which cannot be said to be strictly moot within the meaning of that term as commonly understood. This class includes all

cases which involve mere abstract questions on which the court can grant no effectual relief to either party. In *National Jockey Club* v. *Illinois Racing Com.* 364 Ill. 630, we said: "The rule is, that when a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved it will dismiss the appeal or writ of error and will not review the cause merely to decide moot questions. The duty of judicial tribunals is limited to determining rights of persons or property actually controverted in the particular case before it." In *People ex rel. Lawrence* v. *Village of Oak Park*, 356 Ill. 154, the following language was used: "It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment but will dismiss the appeal." A court of review will dismiss an appeal where facts are disclosed which show that only moot questions or abstract propositions are involved. (*Jones* v. *Clark*, 355 Ill. 527.) Where there is no real present question involving actual interests and rights for a reviewing court to consider, the court should not be compelled to review a cause merely for the purpose of determining who ought to pay the cost of the suit. A reviewing court should not decide questions that no longer exist merely for the sake of making a precedent. *Wick* v. *Chicago Telephone Co.* 277 Ill. 338.

The leading case on the subject is *Mills* v. *Green*, 159 U. S. 651; 40 L. ed. 293; 16 S. Ct. 132. It was there said: "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in

issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." This language was quoted with approval in *Heitmuller* v. *Stokes,* 256 U. S. 359, 65 L. ed. 990, and by this court in *People ex rel. Lawrence* v. *Village of Oak Park,* 356 Ill. 154.

The question of whether the judgments here involved are valid or invalid, and the question of whether such judgments should now be vacated, have been rendered wholly abstract and academic by the prior decisions of this court. Under those decisions the payment of the judgments by the board of education cannot be enforced. Those decisions go further, and hold that the board cannot lawfully pay such judgments with money raised by taxation. The only means by which the board may raise funds for any purpose, is either by taxation direct or by the sale of bonds payable by taxation. In either event the result is the same. All questions concerning the duty and lawful authority of the board of education to pay either the anticipation warrants or the judgments entered thereon, or based on the acts of its officers in the alleged wrongful distribution of tax money, available for their payment, have already been finally settled. This renders the question of whether the judgments shall remain of record as evidence of a potential liability which the board cannot pay, and which it has been enjoined from paying, or whether such judgments be vacated, purely abstract and, in effect, to all intents and purposes, moot. The decision of this court on the question of whether the courts below were either right or wrong in denying the motions to vacate the judgments, would afford no relief to any party to the judgments. In this case no effective relief could be granted to the board of

education by vacating the judgments, for the reason that it has already been held by this court that the board is not liable to pay the judgments, and cannot lawfully do so. No effective relief could be granted to the appellees by the affirmance of the orders denying the motions to vacate the judgments, for the reason that this court has already held that such judgments are unenforceable against the board. It has been permanently restrained and enjoined from the payment of the judgments out of .funds raised by taxation, or from the sale of bonds, payable by taxation, its only sources for obtaining funds for any purpose.

For the above reasons, all of the questions involved in the appeals in this consolidated cause are purely academic and raise only abstract propositions which have already been decided by this court in its decisions in the same and similar litigation. Since no effective relief could be granted to either party on the questions raised, those questions have become moot. The appeals will, therefore, be dismissed.

*Appeals dismissed.*