(No. 31046.—

WALTER W. THORP *et al.,* Appellants, *vs.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.,* Appellees.

*Opinion filed January 18, 1950.*

MacLeish, Spray, Price & Underwood, of Chicago, (Robert S. Cushman, and Joseph A. Dubbs, of counsel,) for appellants.

Frank R. Schneberger, of Chicago, (Frank S. Righeimer, James W. Coffey, and Harry L. Murray, of counsel,) for appellee Board of Education; Gardner, Carton & Douglas, of Chicago, (James A. Velde, Edwin R. Eckersall, and Gordon H. Smith, of counsel,) for appellees Alfred E. Hamill *et al.*

Mr. Justice Simpson delivered the opinion of the court:

Certain individuals and corporations, plaintiffs-appellants herein, have appealed directly to this court from the circuit court of Cook County to reverse two separate orders or decrees, one in favor of the Board of Education of the City of Chicago and the other in favor of the parties doing business as Goldman, Sachs & Co., defendants-appellees herein. The cause was dismissed as to the Board of Education after motion for that purpose was allowed and appellants elected to stand by their complaint. A constitutional question is involved under the first count. The de-

cree on the second count was rendered after a hearing before the master and after objections and exceptions to his report were overruled.

The first count was against the Board of Education of the City of Chicago by the owners and holders of certain of its 1935 refunding bonds, second series, to enforce their rights as alleged successors to the owners of 1928 tax anticipation warrants issued by the Board and thereafter funded by certain bonds which in turn were refunded by bonds some of which were owned by the appellants, being the ones here in question.

The second count is against members of Goldman, Sachs & Co. municipal bond dealers, from whom one of the appellants, Irving S. Florsheim, purchased certain of the bonds in question, and is based upon the statutory warrant that the bonds were in all respects what they purport to be. The second count is alleged to be alternative to the first and need not be considered if appellants recover on the first count. Only two of the parties doing business as Goldman, Sachs & Co., Albert E. Hamill and James C. Hemphill, were served with summons; the others were non-residents and were neither served nor appeared in the case.

Hamill and Hemphill filed a motion to transfer the cause based upon the second count to the Appellate Court for the reason that this court is without jurisdiction to pass upon the matters involved in that count. Their motion was taken with the case and will be passed upon later in this opinion.

The complaint, as concerns the Board of Education, is based upon the following pertinent facts as alleged: January 25, 1928, at the request of the Board of Education, the city council of Chicago levied $57,600,000 of educational purpose taxes for the year 1928 and later authorized the issuance of educational purposes tax anticipation warrants against the taxes levied in an amount not to exceed seventy-five per cent of the levy. These anticipation war-

rants were sold, but, due to the reassessment of real estate in Cook County for the years 1928, 1929 and 1930, the extension of the 1928 taxes was greatly delayed and the assessed value was materially reduced. It was feared that sufficient taxes would not be collected on the levy to meet the payment of the anticipation warrants drawn against them.

At its 1930 First Special Session the General Assembly authorized the Board of Education, by reason of these conditions, to issue bonds in an amount not exceeding $5,700,000 for the purpose of paying tax anticipation warrants levied for educational purposes for the years 1928 and 1929. (Laws of 1930, 1st Spec. Sess., p. 93.) Of these bonds, $2,300,000, dated February 1, 1931, were issued and sold to Halsey, Stuart & Company for the purpose of paying anticipation warrants issued against the levy for the year 1928 for educational purposes. The ordinance authorizing them provided that the proceeds from the sale of the bonds should be used solely for the purpose of paying the 1928 anticipation warrants bearing numbers 116 to 123, and that any surplus should be used in paying other warrants of that issue. After the designated warrants were paid there was a balance of $80,888.23 which, with certain moneys collected from the 1928 taxes, was applied to the payment of anticipation warrant number 13.

When $900,000 of these bonds bearing numbers 1401 to 2300, both inclusive, fell due on February 1, 1935, the Board did not have funds to pay them, and under legislative provision (Laws of 1933-34, 3rd Spec. Sess., p. 246,) issued $900,000 of refunding bonds of 1935, second series, bearing date February 1, 1935, for the purpose of refunding the principal of said educational fund bonds numbered 1401 to 2300, inclusive. All of this second series of bonds were sold originally to the First National Bank of Chicago at par and accrued interest, and the proceeds were applied in payment of the said designated funding bonds. Appel-

lants later purchased some of the refunding bonds of 1935, second series, upon which the Board paid interest until February 1, 1943, but refused to pay the interest falling due on the bonds thereafter.

March 21, 1945, this court reiterated its former holdings that the funding bonds and refunding bonds were invalid as general obligations of the Board of Education upon the ground that general obligation bonds could not constitutionally be issued for the purpose of paying tax anticipation warrants. *Newberry Library* v. *Board of Education,* 390 Ill. 48.

All of the tax anticipation warrants were paid and cancelled by August, 1932, through application of taxes received on the levy against which they were issued, certain money borrowed from the Board's other funds and from proceeds of the sale of the original funding bonds. After the tax anticipation warrants were paid and cancelled, other taxes were collected against which they were issued which were used for other corporate purposes.

The complaint in referring to payment of warrants and the cancellation of them used the words "purported payment" and "purported" cancellation, apparently so as not to admit the validity of payment or of cancellation.

It is claimed by appellants that although the tax anticipation warrants in question numbered 116 to 123, inclusive, have been paid and cancelled, nevertheless, because the payment was not made exclusively from the taxes against which they were drawn, they are still valid, outstanding and unpaid. They further claim that because the money from the original funding bonds purchased by Halsey, Stuart & Company was applied in payment of the anticipation warrants and because the proceeds of the refunding bonds purchased by them took up some of the original bonds purchased by Halsey, Stuart & Company, they are entitled to declare upon and enforce said tax anticipation warrants and to be subrogated to the rights of the warrant

holders and to receive payment on the warrants notwithstanding the fact that they were surrendered, cancelled and marked paid fifteen years prior to the filing of this suit.

Appellants further contend that because the Board used a portion of the taxes when collected after the warrants had been paid for other corporate purposes, the Board was thereby unjustly enriched and has become liable to appellants for the return of the money paid in the purchase of said refunding bonds, second series, and must account to appellants as trustee of the tax fund collected after the warrants had been paid; and, further, that as successors in interest to the rights of owners of anticipation warrants, the Board of Education has taken their property for public use without compensation in violation of section 13 of article II of the Illinois constitution, and has deprived them of property without due process of law in violation of section 2 of article II of the Illinois constitution and of the fourteenth amendment to the constitution of the United States.

We have held, and it is conceded, that the Board of Education refunding bonds of 1935, second series, are void and are not liabilities of the school district. (See *Newberry Library* v. *Board of Education,* 390 Ill. 48, and, also, *People ex rel. Toman* v. *Granada Apartment Hotel Corp.* 381 Ill. 41, together with the cases cited therein.) The law is well settled that tax anticipation warrants are not liabilities of the municipality or school district by which they are issued. *Leviton* v. *Board of Education,* 374 Ill. 594; *Berman* v. *Board of Education,* 360 Ill. 535.

The anticipation warrants issued against the 1928 educational purposes tax levy were all paid (purportedly paid, appellants say, notwithstanding the holder received his money,) and cancelled by 1932. Appellants say that said warrants numbered 116 to 123, inclusive, aggregating $1,950,000 should be held by us to be outstanding and unpaid. The last of those warrants was paid February 1,

594

1931, more than eighteen years ago. A large portion, $750,000 of them, was paid January 15, 1931, prior to the issue of said 1931 bonds, from money temporarily borrowed by the Board of Education from its other funds, which was repaid after the said bonds were sold. Appellants did not own any of the anticipation warrants numbered 116 to 123, inclusive. They were owned by different banks and trust companies.

The complaint does not allege that there is a fund resulting from the collection of taxes against which the warrants were drawn from which appellants could now be paid, but the prayer is that the Board be required to make just compensation to appellants as successors in interest to the rights of the owners of said anticipation warrants numbered 116 to 123, inclusive; that the Board be required to restore to the fund assigned and set apart for the payment of those warrants and interest thereon an amount equal to the principal of the refunding bonds held and owned by appellants with unpaid interest thereon; that the Board be adjudged trustee of all of said 1928 taxes received by it after the anticipation warrants had been marked paid, and be required to restore said trust fund and to pay so much thereof as may be necessary to equal the principal and unpaid interest on the refunding bonds, and that appellants severally may recover judgment against the Board in an amount equal to said bonds held and owned by each, and unpaid interest thereon.

It is apparent that if appellants were entitled to recover it would be necessary for the Board to devise some means of raising the money to pay them. The only means by which the Board may raise funds is either by taxation direct or by the sale of bonds payable by taxation. In either event the result is the same. (*Chicago City Bank and Trust Co.* v. *Board of Education,* 386 Ill. 508.) But the money so raised must be for corporate obligations under section 9 of article IX of the State constitution, (*Newberry*

*Library* v. *Board of Education,* 390 Ill. 48,) and a decree for appellants in this case would not constitute a corporate obligation.

If the alleged liability has its inception in the said refunding bonds, such liability is still based upon such bonds in whatever form the claim may thereafter assume. The invalidity of the original claim cannot be avoided by simply changing the form in which it is presented in an effort to conceal its identity. *Newberry Library* v. *Board of Education,* 390 Ill. 48.

It seems to us that the issuance and selling of the refunding bonds of 1935 was a matter separate and distinct from the issuance and sale of the anticipation warrants in 1928. There is no alleged connection between the purchasers of the bonds and the purchasers of the anticipation warrants. They were different parties and nothing appears in the complaint to justify the position that the bondholders should be subrogated to the rights of the holders of the anticipation warrants and, therefore, the doctrine of subrogation would not apply here.

Appellants were not bound in any way to see that the anticipation warrants had been lawfully paid nor can it be said, under the facts alleged, that they paid such warrants. They are not entitled to subrogation as requested. We said, in *Ohio Nat. Life Ins. Co.* v. *Board of Education,* 387 Ill. 159, "It is well settled that a mere stranger or volunteer cannot, by paying a debt for which another is bound, be subrogated to the creditor's rights in respect to the security given by the real debtor. But if the person who pays the debt is compelled to pay for the protection of his own interest and rights, then the substitution should be made. (*Bennett* v. *Chandler,* 199 Ill. 97; *Hough* v. *Aetna Life Ins. Co.* 57 Ill. 318.)"

Without discussing the other points, it will be seen that what we have said fully disposes of the case as alleged against the Board of Education. The circuit court was

right in dismissing the complaint as to the Board, and its order is affirmed.

Count II of the complaint is based upon the warranty provision under section 65 of an act entitled "An Act in regard to negotiable instruments payable in money" approved June 5, 1907. (Ill. Rev. Stat. 1945, chap. 98, par. 85.) Appellants do not challenge the validity of this statute but seek the benefit of it and to have it construed in their favor. We do not have jurisdiction of the cause as alleged in the second count. The motion to transfer will be allowed and that cause is hereby transferred to the Appellate Court for the First District. Upon request of appellants and the payment of the costs thereof, the Clerk will prepare, certify and transmit to the Appellate Court a copy of such parts of the record filed in this court as appellants may request.

*Affirmed in part and transferred in part.*