Henry Ludwig, Plaintiff-Appellant, v. Board of Education, a Municipal Corporation, Defendant-Appellee.

Gen. No. 48,503.

First District, Third Division.

May 28, 1962.

 

Arthur S. Gomberg, of Chicago (Samuel Nineberg, of counsel), for appellant.

Frank R. Schneberger, of Chicago (Frank S. Righeimer, James W. Coffey, John T. Mehigan and Richard E. Girard, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff, Henry Ludwig, charged in an amended complaint that on October 4, 1956, he purchased a ticket to a football game between two high schools of the City of Chicago and that due to the negligence of the defendant, the Board of Education, he was injured when he fell on the stairs of the football stadium, which was in the possession and under the control of the defendant. The defendant's motion to strike and dismiss was sustained and the plaintiff appeals from this order.

The question is whether a school board is liable in damages under the facts and circumstances alleged in the amended complaint. The plaintiff emphasizes that he was a paying patron at the game which was presented by the defendant for profit, and he argues that running a football game for profit is a private and proprietary undertaking which is not related to any educational or governmental function of the defendant.

 The difference between proprietary and governmental functions is of importance in determining the liability of municipal corporations for the tortious conduct of their officers, agents and employees. In Illinois a distinction is made between voluntary municipal corporations such as cities, towns and incorporated villages and involuntary, quasi-municipal

402

corporations such as school districts, boards of education, counties and park districts, which have been created as divisions of the State to aid in the general administration of the State government. The former have been held not subject to liability for torts occurring in the performance of governmental functions but liable for those arising from proprietary functions, while the latter, in the absence of a statute imposing liability, have been held immune from all tort liability. Kinnare v. City of Chicago, 171 Ill 332, 49 NE 536; Melin v. Community Consol. School Dist. No. 76, 312 Ill 376, 144 NE 13; Lindstrom v. City of Chicago, 331 Ill 144, 162 NE 128; Roumbos v. City of Chicago, 332 Ill 70, 163 NE 361; Leviton v. Board of Education, 374 Ill 594, 30 NE2d 497; Chicago City Bank & Trust Co. v. Board of Education of Chicago, 386 Ill 508, 54 NE2d 498; Schreiner v. City of Chicago, 406 Ill 75, 92 NE2d 133.

■ The long-established rule in Illinois that school districts were exempt from responding in damages for all torts and negligence was swept aside in 1959 by the case of Molitor v. Kaneland Community Unit Dist. No. 302, 18 Ill2d 11, 163 NE2d 89. This liberal opinion was hailed by those of us who long had felt the doctrine of sovereign immunity to be artificial, illogical and unjust. However, the present plaintiff cannot benefit from the Molitor decision because its application was restricted to prospective cases and his injury took place in 1956. The court specifically said: ". . . we feel justice will best be served by holding that, except as to the plaintiff in the instant case, the rule herein established shall apply only to cases arising out of future occurrences."

■ The fact that the plaintiff's injury arose out of what he terms a proprietary function by the defendant is of no assistance in enabling him to recover. Although the decision in the Molitor case "dismisses

as immaterial any distinction between governmental or proprietary functions" (List v. O'Connor, 19 Ill2d 337, 167 NE2d 188) the law prior thereto established the Board of Education's immunity from liability for torts arising out of proprietary as well as purely governmental functions. In City of Chicago v. City of Chicago, etc., 243 Ill App 327 (1927), a woman fell over the cover for a coal hole in a sidewalk adjoining property which was in the possession and under the control of the Board of Education. She obtained a judgment against the City, which in turn sued the trustee for the use of the schools and the Board of Education. Although the maintenance of sidewalks is commonly regarded as a proprietary function, it was held that there could be no recovery against the Board of Education because it was not subject to a suit in tort for personal injuries.

In Lincke v. Moline Board of Education, 245 Ill App 459 (1927) a board of education rented a high school auditorium to a society for entertainment purposes. The plaintiff, who had paid the admission price, fell on a sidewalk as she was on her way into the auditorium. She claimed that the defendant was acting in a proprietary capacity for revenue and profit at the time of her injury. Her complaint was stricken and on appeal the Appellate Court affirmed stating as its reason the total tort immunity of a board of education.

The same effort to impose liability for injury resulting from the performance of a proprietary function was before this court recently in Garrison v. Community Consol. School Dist., 34 Ill App2d 322, 181 NE2d 360, leave to appeal denied, May 24, 1962. The plaintiff was injured in November 1958, when a cannon exploded in a theatrical production presented by the defendants. The plaintiff, a participant in the production, charged negligence on the part of the

defendants and their agents. The court in discussing the case in its relationship to the Molitor decision said:

> "The complaint in the present case is based on events occurring on November 22, 1958. The immunity doctrine remains in effect as to all causes of action arising prior to December 16, 1959, the date of the filing of the final opinion in the Molitor case. Peters v. Bellinger, 19 Ill2d 367.

> "Plaintiff attempts to avoid this barrier by asserting that defendants were here acting in a proprietary capacity and thus the immunity doctrine would not apply. The answer to this is that the governmental-proprietary distinction, while applicable to true municipal corporations, has not been applied to school districts or other quasi-municipal corporations which are mere political divisions of the state government. . . .

> "The Molitor case overturned the law on governmental immunity in causes arising subsequent to December 16, 1959, but the instant case must be decided according to the law as it existed before Molitor."

The Garrison opinion covers the exact points argued in the instant case and is decisive of them. This complaint did not state a cause of action and the motion to strike was properly sustained.

Affirmed.

McCORMICK, P. J. and SCHWARTZ, J., concur.