The Board of Trustees of Junior College District No. 508, County of Cook, Plaintiff-Appellee, *v.* Cook County College Teachers Union, Local 1600, *et al.*, Defendants-Appellants.

(No. 59497; )

First District (4th Division)—September 25, 1974.

Kleiman, Cornfield & Feldman, of Chicago (Gilbert Feldman, of counsel), for appellants.

Roger J. Kiley, Jr., of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendants, Cook County College Teachers Union, Local 1600, and Norman G. Swenson, President, *et al.*, appeal from an order entered June 25, 1973, by the Circuit Court of Cook County granting declaratory judgment for the plaintiff, Board of Trustees of Junior College District No. 508.

The issues presented for review are whether the appeal should be dismissed for mootness; whether a judiciable case or controversy was presented which warranted the granting of declaratory relief; and whether the power of the Board to transfer teachers administratively can be delegated through collective bargaining.

The parties have been involved in a collective bargaining relationship since 1967. During 1970, contract negotiations were conducted

under the auspices of the Circuit Court of Cook County, and a collective bargaining agreement was incorporated into an agreed decree on July 27, 1971. By the terms of the decree, the court retained jurisdiction over the parties for the purpose of "applying legal and equitable principles of contract law."

Among the provisions in the new agreement was a statement of teacher transfer policy contained in article VIII:

"A faculty member being permanently transferred from one campus of the College to another campus at the request of the administration shall retain his college-wide seniority for all purposes at his new campus; and he shall have the right to choose the campus to which he is being transferred. The reviewing department shall be notified at least ten (10) days before the Chancellor's recommendation for such transfer is presented to the Board."

In February of 1973, the Board filed a petition for declaratory relief in the Circuit Court of Cook County, alleging that an irreconcilable difference of opinion existed between the Board and the union concerning the limits, if any, of the Board's power to involuntarily transfer its faculty members.

It is the Board's position that it has the unfettered discretion to transfer its faculty members when it believed it is in the colleges' best interest, and that the faculty member's choice of colleges is exercisable only to the extent it is consistent with the Board's purpose for the transfer and to the extent the provision is interpreted to the contrary is an unlawful limitation upon the Board's statutory powers. The Board relies on article II G. of the agreed decree, which states:

"G. *Board Authority*. The Union recognizes that the Board retains full authority to carry out the powers and duties granted to it by the Public Junior College Act and other applicable laws."

The union contended that the Board's power to transfer faculty arose from the bargaining agreement, and that this power was substantially limited by the contractual language set forth in article VIII.

On June 25, 1973, the court held that the contractual language in question did not prevent the Board from making good faith involuntary transfers of faculty. Pursuant to this authority, the Board made three involuntary transfers on July 3, 1973.

Subsequent to these transfers and during the pendency of this appeal, the Board and the union negotiated a new collective bargaining agreement effective through June 30, 1975. This new agreement provides in part:

"Unless mutually agreed to otherwise, there shall be a freeze on

all faculty transfers during the period of this agreement."
Also, as part of the negotiations of the new agreement, the Board rescinded the transfers of July 3, 1973.

■■ Reviewing courts are not bound to determine questions which have become moot and the resolution of which will serve no beneficial purpose to the litigants. (*First National Bank v. Road District No. 8* (1945), 389 Ill. 156; *Harvey v. Cahill* (1965), 57 Ill.App.2d 1.) As stated in *People v. Redlich* (1949), 402 Ill. 270, 278-279:

> "A question is said to be moot when it presents or involves no actual controversy, interests, or rights of the parties, or where the issues have ceased to exist. (*Chicago City Bank & Trust Co. v. Board of Education*, 386 Ill. 508, 54 N.E.2d 498.) The general rule is that when a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved or where the substantial questions involved in the trial court no longer exist, it will dismiss the appeal or writ of error."

■■ While reviewing courts have decided issues moot as to the litigants where the issues were of substantial public interest and likely to reoccur (*People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618), we believe no issues remain in view of the rescinding of all involuntary transfers subsequent to the court's June 25, 1973, order and the moratorium on any transfers until June 30, 1975. Whether any transfers will be made after that date is speculative and a decision at this time would serve no purpose.

Therefore, the appeal is dismissed.

Appeal dismissed.

ADESKO, P. J., and BURMAN, J., concur.