EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES *v.* CHARLES G. PATTERSON and others.

*(Circuit Court, D. Massachusetts    February 7, 1880.)*

BILL IN EQUITY—INFANTS.—Infants are necessary parties to a bill in equity to set aside a policy of insurance, when they have a contingent interest in such policy.

SAME—MULTIFARIOUSNESS.—The joinder of a prayer in such bill to restrain an action at law for the recovery of back premiums already paid does not render the bill multifarious.

SAME—DEMURRER ORE TENUS—OATH OF INFANTS TO ANSWER.—A demurrer *ore tenus* must be co-extensive with the bill, and will not prevail where the demurrer is taken upon the ground that the bill prays for an answer under oath by infant defendants.

NELSON, J. The infant defendants, Kate Kirby Patterson and Edwin Croswell Patterson, by their guardian *ad litem*, demur to the plaintiff's bill, and assign as causes of demurrer: *First*, that they have no interest in the matters complained of in the bill; and, *second*, multifariousness. The plaintiff is a New York corporation, and the policy of insurance was issued and is payable there. The insurance money, by the terms of the policy, is payable to the children at the decease of Charles G. Patterson, the father, if Fannie E. Patterson, the mother, is not then living. This clearly gives the children a contingent interest in the policy, and they are, therefore, proper and necessary parties to a bill in equity to set aside the policy for any cause. *Eadie* v. *Slimmon*, 26 N. Y. 9; *Barry* v. *Equit. L. Ass. Soc.* 59 N. Y. 587; *Knickerbocker Ins. Co.* v. *Weitz*, 99 Mass. 157.

The joining in the bill a prayer for an injunction to restrain Charles G. Patterson, one of the defendants, from further prosecuting a suit at law in this court, to recover back the premiums already paid, is not such a distinct and independent matter as to render the bill multifarious.

The guardian *ad litem* assigns another cause of demurrer *ore tenus*, that the bill prays for an answer, under oath, by the infant defendants. There are two reasons why this demurrer cannot prevail. The first is that a demurrer *ore tenus* must be co-extensive with the demurrer upon the record. 1 Dan. Ch. Prac. 589; Story's Eq. Plead. § 464. The demurrer on the record here is to the whole bill, while the demurrer *ore tenus* is to the prayer only. The second reason is that an infant's answer is by his guardian, and should be upon the oath of the guardian, though he is required to swear only to his belief in the truth of the infant's defence. 1 Dan. Ch. Prac. 753; Story's Eq. Plead. § 871.

The entry must be: Demurrer overruled.