(No. 23774.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DENNIS F. HAYES, Plaintiff in Error.

*Opinion filed February 12, 1937.*

JOHN F. TYRRELL, and GEORGE M. TEARNEY, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, RICHARD H. DEVINE, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff in error, Dennis F. Hayes, was convicted in the criminal court of Cook county of the embezzlement of anticipation warrants of the value of $3027.86 and sentenced to the penitentiary. He has sued out this writ of error.

The indictment was predicated on section 80, para-. graph 192, of the Criminal Code (State Bar Stat. 1935,) which provides that if any State, county, township, city, town, village or other officer elected or appointed under the constitution or laws of this State, or any clerk, agent, servant, or employee of any such officer, embezzles or fraudulently converts to his own use, or fraudulently takes or secretes with intent so to do, any money, bonds, mortgages, coupons, bank bills, notes, warrants, orders, funds or securities, books of record, or of accounts, or other property belonging to, or in the possession of, the State or such county, township, city, town or village, or in possession of such officer by virtue of his office, he shall be imprisoned in the penitentiary not less than one nor more than fifteen years.

The first count of the indictment charged that the accused was the secretary of the board of education of school district No. 104, and, as such, had in his possession a large amount of personal property consisting of warrants issued by the board of education of said school district drawn against, and in anticipation of, taxes theretofore levied against the taxable property of said school district for the year 1933; that said warrants were the personal property of said board of education and that the accused did embezzle and fraudulently convert to his own use twenty of

said warrants, each of the value of $100, five of the value of $50 and one of the value of $136.21. The second count charged the accused was a clerk, agent, or employee of the president and members of the board of education. Otherwise, it contained substantially the same allegations as the first count. The third count charged that the accused was a member of the board of education. Otherwise, it contained substantially the same allegations as the other two counts.

It is contended that the prosecution should have been instituted under paragraph 381 of chapter 122, (State Bar Stat. 1935,) instead of section 80 of the Criminal Code. Counsel is under a misapprehension for several reasons but principally because section 381 deals only with the embezzlement of school funds. The indictment here does not concern itself about funds, but with the conversion of tax anticipation warrants.

No evidence was offered in behalf of the defendant, except as to his good character. According to the evidence on behalf of the People, the defendant was secretary of school district No. 104 and the board of education of said district had authorized the issuance of $15,000 tax anticipation warrants, each bearing a separate number, and ranging in amounts from $500 to $5000. No authority for the issuance of other anticipation warrants was shown. None of the warrants mentioned in the above authorization are involved in this case.

The secretary of the board of education was the keeper of books of account and other records. When claims against the school district were filed an order upon the school treasurer was drawn in payment thereof and signed by the president of the board and by the secretary. On October 26, 1933, a school order was issued ostensibly to the Midland Chemical Company for $645.50. On March 22, 1934, another order was issued to the Midland Chemical Company for $1236.21. On January 11, 1934, an order

was issued ostensibly to Gotleib Company for $1146.15, These orders were each signed by John D. Walsh, president and D. F. Hayes, clerk. The testimony shows that neither the Midland Chemical Company nor Gotleib Company had, or asserted to have, any valid or binding claim of any kind against the school district. The orders were drawn by Hayes and presented by him to the president for his signature. Hayes then presented them to Joseph Vial, the school treasurer, and each bears a perforated stamp showing that it was paid. However, they were not paid in cash, and while the record is very cloudy about the method employed to take up these orders, it appears that anticipation warrants for various sums were issued and signed by the defendant as secretary, and Walsh, as president of the board of education, and by Vial, as school treasurer. The record discloses that the defendant disposed, on his own account, of a large number of warrants to brokers at a considerable discount. It does not show that any of those here involved have ever been presented to the township treasurer for payment.

Section 117, paragraph 125, chapter 122, (State Bar Stat. 1935,) provides that when there is no money in the treasury of any school district, the directors or boards of education may issue warrants or provide a fund to meet necessary expenses by issuing and disposing of warrants, drawn against, and in anticipation of, any taxes levied for the payment of the necessary expenses of the district, to the extent of seventy-five per cent of the total amount of the tax so levied. The warrants now in question were neither authorized by the board of education nor were they issued to defray any necessary expense of the district or to provide a fund to meet necessary expenses. They were fraudulent and fictitious in their inception.

The question then arises whether embezzlement is the crime for which the defendant should have been prosecuted.

The warrants were void even in the hands of innocent purchasers. While they had a purported value, they had no actual value in the face of the facts when disclosed. They were not, and never have been, the property of the board of education. Embezzlement from the board or the school district of this fictitious paper was a physical and legal impossibility.

It is stated in *Berman* v. *Board of Education,* 360 Ill. 535, that tax anticipation warrants are issued pursuant to statutory authority, which provides the circumstances under which they may be issued, the amount permitted to be outstanding, and, in part, prescribes the form and wording of the warrants themselves. Such warrants do not constitute, and cannot be construed as constituting, any promise of payment, either express or implied, on the part of the taxing body issuing them, but the holder thereof must rely solely upon the ability and fidelity of the revenue officers in the collection and payment of the money mentioned in the warrants. They do not constitute an obligation between the taxing body and the holder. When the warrant is issued and accepted or sold the transaction is closed on the part of the municipality, leaving no future obligation upon it, either absolute or contingent, whereby its debt may be increased. *Booth* v. *Opel,* 244 Ill. 317; *People* v. *Nelson,* 344 id. 46.

Neither the school district nor its board of education entrusted these particular warrants to the defendant. Neither ever had possession, control or property interest in them. The defendant's possession was at all times wicked or wrongful, but criminal as his acts were, he cannot be convicted and punished for the crime of embezzlement.

Other errors have been assigned by the plaintiff in error but it is unnecessary to consider them. The judgment is reversed.

*Judgment reversed.*