THOMAS J. WOOD, PLAINTIFF, v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, A CORPORATION, DEFENDANT.

Decided April 14, 1939.

For the plaintiff, *Thomas B. Davidson.*

For the defendant, *Collins & Corbin* (*Edward A. Markley, Patrick F. McDevitt* and *James J. Langan,* of counsel).

OLIPHANT, S. C. C.  On May 29th, 1936, plaintiff took out an insurance policy in the sum of $20,000 on his own life with the defendant company as insurer.  It is what is known as a twenty-year endowment policy.  As beneficiaries were designated "the lawful surviving child or children, if any, of the insured, share and share alike, the survivors or survivor" and as contingent beneficiaries were designated an aunt and an uncle of the insured.  The policy provides that the word "child" or "children" does not include grandchildren or other remote descendants of the insured.  The policy has a cash surrender value clause which provides that it may be surrendered and the value thereof paid without the consent of any beneficiary *not irrevocably designated* or any contingent beneficiary.  The policy also contains this significant, and as far as this matter is concerned, I believe, controlling clause.

The insured "waives the right to change or *revoke the designation* of beneficiaries and contingent beneficiaries until he attains the age of thirty-five years."

The plaintiff, the insured, was unmarried at the time the policy was issued, he has never married and has no lawful

child or children. He will not attain the age of thirty-five until 1950.

In this suit, plaintiff endeavors to recover the cash surrender value of the policy. On June 23d, 1938, he delivered and surrendered to the defendant the policy with a written demand for its cash surrender value. That demand was accompanied by a consent and direction to pay the surrender value to the plaintiff, which was signed by the plaintiff and his aunt and uncle, the contingent beneficiaries. As heretofore stated none of the class of primary beneficiaries named in the policy were at that time in being, and obviously their consent was not obtainable. Plaintiff contends that he has a right to the surrender value for numerous reasons, which are at length set forth in his counsel's brief.

I am of the opinion none of them need be considered as the question is entirely controlled by the clause in the policy which provides that *"the right to change or revoke the designation of beneficiaries"* is waived until plaintiff reaches thirty-five years of age.

Plaintiff by his own act completely divested himself of the right to revoke the designation of his child or children as beneficiaries until he attains that age. It may be that at that time there will be a child or children in being.

What the plaintiff in this suit is endeavoring to do is to revoke the designation of beneficiaries which is in violation of the contract he himself made under the clause expressly waiving his right to so revoke and also under the cash surrender clause. He is endeavoring to do by indirection that which he is prevented from doing directly. The contention that the policy is a Wisconsin contract has no merit. The Wisconsin authorities cited do not support the contention of the plaintiff.

The motion to strike the complaint will be granted. It fails to state a cause of action. An order in conformity with the conclusion herein reached may be presented.