In re Estate of George A. Stevenson, Deceased.
John T. Dieter, Assignee of Charles H. Albers, Receiver, Appellant, v. Nettie B. Stevenson, Executrix of Estate of George A. Stevenson, Deceased, Appellee.

Gen. No. 42,306.

Opin-
ion filed March 22, 1943.   Rehearing denied April 5, 1943.

MARKMAN, DONOVAN & SULLIVAN, of Chicago, for ap-
pellants; HENRY O. NICKEL, of Chicago, of counsel.

BURTON EVANS, of Harvey, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the
opinion of the court.

The suit here is brought to recover the sum of
$2,037 with interest, said to be due on an anticipation
warrant issued to the Homewood State Bank, Decem-
ber 11, 1931, drawn against the 1930 tax levy by
School District 152½ of Cook county.

Dr. Stevenson, from the organization of the district
until his death on January 4, 1938, was the treasurer.
The Supreme Court has held that such an anticipation
warrant does not create a general liability against the
district and that since the district is a State agency
it is not liable in tort for a failure to collect or turn

over the taxes against which the warrant is issued. *Berman v. Board of Education of Chicago*, 360 Ill. 535, 539; *Leviton v. Board of Education of Chicago*, 374 Ill. 594, 598, 599. Therefore, the suit is brought against the estate on the theory that Stevenson, as treasurer, failed to turn over to the holders of the warrant moneys received from the tax levy which should have been applied to its payment. There is no claim that the treasurer appropriated any money to his own use.

Homewood State Bank was the owner of the warrant. It passed into the hands of Albers, receiver. He filed his claim in the probate court of Cook county. Pending the litigation, Albers assigned the claim to Dieter. The probate court sent the claim to a referee. He reported the estate was not liable. The court overruled objections and entered judgment for the estate. Dieter appealed to the circuit court where the cause was heard *de novo*. It was referred to a master in chancery. The master reported the warrant was invalid and the estate not liable. The court overruled exceptions of the claimant and entered judgment for the estate. Claimant brings this appeal.

The evidence shows that from the tax levy of the year 1930 the treasurer, for the period from April 12, 1932, to November 6, 1937, collected the total amount of $19,358.29, of which $1,900 was applicable to payment of bonds and interest for the year 1930, leaving a balance available for the payment of tax anticipation warrants of $17,458.29. The Homewood State Bank's pro rata share of this was 32.902 per cent, namely, $5,744.11, of which $3,706.67 was paid, leaving the balance of $2,037.44 for which claimant contends the estate is liable, with interest.

It is the theory of claimant that on the facts as stated the treasurer is personally liable for the diversion of this amount; that the district, the treasurer and his estate are estopped to assert that the warrant

was illegally issued, and that the court erred in excluding evidence offered on the theory of estoppel. The executrix contends the warrant on which the claim is based was illegally and unlawfully issued and the treasurer, therefore, not liable for the failure to pay an invalid instrument, and that neither the district, the treasurer nor his estate may be estopped to show the illegality of this anticipation warrant.

The authority of a school district to issue anticipation warrants against a tax levy is derived solely from the statute (Ill. Rev. Stat. 1941, ch. 122, § 125 [Jones Ill. Stats. Ann. 123.132].) The master was of the opinion that the warrant on which the claim here is based was not issued as authorized by statute. The report of the master recites the factual history of the transactions between the bank and the school district in these warrants, from the beginning in 1923 to the transaction of December 11, 1931, when the bank took the warrant on which this claim is based. His report shows that in the first transaction the bank purchased warrants for $15,000 and paid that amount therefor in cash; that this was the only transaction in which cash was paid; that in later transactions the school district paid interest due to the bank on the former warrant and issued a new warrant against the tax levy for the next year. The bank returned the warrant it held to the district to be canceled. The district canceled the old and delivered to the bank the new warrant. The master says: "Each time the new warrants were issued in exchange for the warrants previously held by the bank the warrants of the previous issue were canceled and marked paid on the School Board's books." Concerning the particular transaction in which the anticipation warrant here relied on was issued, the master says: "On December 11, 1931, interest was paid and $2,000 was paid on account of principal; and on that date Warrant No. 8, Series No. 10 in the sum of $5,000 was issued against the 1930 levy and was ex-

changed with said bank for Warrant No. 3, Series No. 10 in the sum of $7,000. No cash was paid by said Homewood State Bank to said School District No. 152½ for said Warrant No. 8, Series No. 10, nor was any cash ever paid by said bank to said school district for any of said Warrants except the $15,000 cash paid by said bank for the $15,000 of warrants purchased in 1923.''

The master points out that the power of a school district to issue anticipation warrants is purely statutory and limited to the purposes named in the statute, such as ''necessary expenses'' and payment of interest on bonds, and are payable solely from the taxes collected from the levy against which they are issued; that ''when a school board undertakes to issue warrants payable out of taxes of a subsequent year and deliver them in exchange for and in payment of warrants payable out of taxes of a prior year it is issuing such warrants without statutory authority and such warrants are void.''

We agree with the master. Manifestly, it would be illegal to pay warrants issued against the 1923 tax levy with money collected on the 1924 tax levy. There is no valid distinction between doing this and paying warrants issued against the 1923 levy by exchanging therefor new warrants issued against the 1924 levy. The claimant argues this can be done. He says if the old warrant is not paid in this way the school board would have to take money from the treasury to pay it and the board would thus be left without money to run the schools. By surrendering the old for a new warrant he says the money is left in the treasury and the schools may be thus maintained. The argument assumes a fact not true; namely, that the money to pay the old warrant is in the treasury. If the money was in the treasury to pay the old, or first issued, warrant, it could be paid in cash and the holder could then buy a new warrant if he chose to do so. It is apparent the exchange device was adopted for the reason that the

money to pay the old warrant had not been collected and was not in the treasury.

In *People v. Hayes,* 365 Ill. 318, the Supreme Court held tax anticipation warrants were not the obligation of the issuing muncipality. In *Berman v. Board of Education of Chicago,* 360 Ill. 535, the same court held an act of the legislature authorizing the Board of Education of the City of Chicago to issue bonds for the purpose of paying unpaid anticipation warrants was unfair to taxpayers and unconstitutional as violating due process of law. In *Dimond v. Commissioner of Highways of Town of Ottawa,* 366 Ill. 503, the same court held an act of the legislature validating all tax warrants was invalid. In *Leviton v. Board of Education of Chicago,* 374 Ill. 594, it was held an act of the legislature authorizing the Board of Education of the City of Chicago to issue bonds to pay off judgments entered upon unpaid anticipation warrants was void under section 9 of article 9 of the Constitution. If the device here adopted received the approval of the courts the effect of all these decisions would be made abortive.

There remains the question of estoppel. Manifestly that doctrine is not applicable to Stevenson or his estate. Stevenson did not sign the tax warrant. He received nothing from the transaction. The power to issue the warrant was not in him. It was his duty to pay such warrants when money was on hand, applicable, and when the board ordered him to do so. Aside from this we hold the contract by which the bank became the holder of the warrant was illegal. Even as between the bank and the district this contract could not be made valid by estoppel. Am. Jur., vol. 19, § 149, p. 802. Much less could the treasurer, who was not a party to the contract, be estopped. The cases cited by the claimant are not in point.

The judgment will be affirmed.

*Affirmed.*

O'CONNOR and McSURELY, JJ., concur.