Caddie R. Pratt, Appellee, v. Board of Education of District No. 61, County of Kankakee and State of Illinois et al. (Fred C. Hamilton and Ida Beckers), Appellants. Charles P. and Louis Cryier, Separate Appellants. Bradley State and Savings Bank, Separate Appellant.

Gen. No. 10,006.

Heard in this court at the February term, 1945. Opinion filed October 22, 1945. Released for publication November 12, 1945.

JOHN H. BECKERS and ELMER C. WILSON, both of Kankakee, for appellants.

ARMEN R. BLANKE and DYER & DYER, all of Kankakee, for certain appellant; WAYNE H. DYER, of Kankakee, of counsel.

GOWER, GRAY & GOWER, of Kankakee, for certain other appellant.

VERNON G. BUTZ, of Kankakee, for certain appellant.

C. M. GRANGER, of Kankakee, for appellee.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

Caddie R. Pratt, as holder of two unpaid anticipation warrants, numbered 2 and 3, dated February 2, 1938, for $2,000 and $5,000 respectively, bearing 6 per cent interest, issued against the 1937 tax levy by the board of education of school district No. 61, in township 31 north, range 12 east, in Kankakee county, brought a suit in chancery in the circuit court of Kankakee county for an accounting and for payment of her warrants, against the board of education, the township treasurer, Bradley State & Savings Bank, and the following named holders of other anticipation warrants issued against the same tax levy: The trustees of schools, and Annie Knittel, Fred C. Hamilton, Ida Beckers, Virginia Coderre, Bridget Flageole, Charles P. Cryier and Louise Cryier. Later, the school district, the executors of the estate of a deceased former treasurer, and the sureties on his bond, were added as defendants.

The complaint, after reciting the 1937 tax levy, its extension, the adoption of a resolution for the issuance of tax anticipation warrants, the collection of a major portion of the levy, the plaintiff's purchase of the two warrants mentioned, and a refusal of the treasurer to pay the same, alleges that the other warrants above mentioned, except warrant No. 1, if outstanding, are invalid, or, if valid, are inferior and subordinate to the plaintiff's warrants; that she had been informed by the treasurer that a part of the 1937

taxes had been used by the board of education to pay operating expenses, and in part had been used to pay alleged warrants held by Bradley State & Savings Bank; and that the balance in his hands was and is insufficient to pay her warrants. The prayer is for an accounting, and payment of her warrants, with contribution by any of the defendants having participated in the diversion of monies applicable to the payment of her warrants, of any amount necessary to pay the same in full, with legal interest from the time of such diversion. Answers were filed, and those of the defendants who held anticipation warrants filed counterclaims, to which replies were filed. The board of education and the school district were dismissed as parties on their motions, and the cause was referred to a special master, who filed a report with his conclusions, to which exceptions were overruled, and a decree was entered in conformity with the special master's conclusions.

The decree finds, and the record shows, that on June 29, 1937, the board of education adopted a resolution levying $21,000 for educational purposes and $7,000 for building purposes, and on November 3, 1937, adopted a resolution reciting that there was not sufficient money in the treasury to meet and defray the ordinary and necessary expenses of the district, and authorizing the issuance of anticipation warrants, bearing 6 per cent interest, against the 1937 tax levy, not to exceed 75 per cent thereof; that $20,818.12 of the levy was collected and turned over to the treasurer; that out of that amount the then treasurer and his successor paid Bradley State & Savings Bank $6,234 to retire a renewal anticipation warrant held by it; that $82.50 interest was paid the trustees of schools on the same kind of a warrant held by them; and that $5,862.40 was expended by the board of education for corporate purposes, leaving a balance of $8,628.78 in the treasurer's hands. The decree further

finds that all the anticipation warrants, except those of the plaintiff, and an anticipation warrant for $2,000 issued to Ida Beckers on January 28, 1938, (prior to the issue of the plaintiff's warrants), are invalid; that the amount due the plaintiff on her two warrants was $9,640.21; and orders that the treasurer, as such, pay Ida Beckers the sum of $2,275.61, being the amount of her $2,000 warrant and interest to the date of the decree, and that he apply the balance in his hands to the payment of the plaintiff's $5,000 warrant; that Bradley State & Savings Bank pay her $3,718.07; and that the trustees of schools pay her $48.97, as her portion of the amounts severally paid them by the treasurer on their respective warrants. The decree reserves jurisdiction to determine the issues against the executors of the estate of the deceased former treasurer and the sureties on his bond, and apportioned the costs among the plaintiff and the other defendants. Notice of appeal was filed by Fred C. Hamilton and Ida Beckers. Notices of separate appeals were respectively filed by Bradley State & Savings Bank, by Charles P. and Louise Cryier, and by the trustees of schools, but the record does not show service of notice of the one last mentioned on counsel for the other parties. None of the other defendants have appealed, and the decree is therefore final as to them.

The record shows that from July 1, 1931 to July 1, 1938, there was a growing deficit in the financial affairs of the school district, and that the anticipation warrants issued against the 1937 tax levy and in issue in the trial court, aggregated $41,000.

The plaintiff paid the treasurer for her two warrants at the time they were issued. Ida Beckers had two warrants, one of them being the $2,000 warrant ordered by the decree to be paid, for which she paid the treasurer at the time it was issued. Her other warrant, for $5,000 dated November 10, 1937, issued against the 1937 levy, was a renewal warrant issued in exchange for her 1936 warrant of the same amount

issued against the 1936 levy, and which, was the product of like successive renewals of a 1934 anticipation warrant for $7,000 on which $2,000 had been paid.

Fred C. Hamilton did not pay any money for his warrant of $7,300, at the time it was issued on November 25, 1937, and it was a renewal warrant replacing a similar warrant issued against the 1936 tax levy. He testified that he had been renewing his warrants since 1932, the first of which was for $5,000; that he had collected some interest, and that the increase in the amount of the warrant was because the board of education got more money of him from time to time.

Charles P. and Louise Cryier held a warrant for $5,600, dated October 20, 1937, issued against the 1937 levy. This was also a renewal warrant. They introduced in evidence three anticipation warrants of the aggregate face of $4,200, issued against the 1936 tax levy which were surrendered to the treasurer when he received the $5,600 warrant. They first purchased a warrant from the treasurer in 1935, and when it came due it was renewed for an increased amount by adding the interest and some cash. In their brief they claim that they also paid a difference in cash when the $5,600 warrant was issued. Issue was joined in the pleadings on this alleged payment of a difference, and the reference in their brief to their additional abstract does not show the payment of any such difference. Our attention is not called to any place in the record or the original abstract which shows any testimony on the question, and we do not search the record to uphold the claim. The special master's report finds and the decree holds that the $5,600 warrant, having been issued by the treasurer prior to the adoption of the resolution by the board of education for the issuance of any tax anticipation warrants, was void for want of authority to issue it.

The former school treasurer was also township treasurer. The school trustees held an anticipation warrant for $1,650, dated November 5, 1937, issued

against the 1937 levy, on which the treasurer paid $82.50 interest. The special master's report and the decree find that this was a renewal warrant, replacing a 1936 warrant of like amount, and nothing is called to our attention which tends to refute those findings.

During the period from December 12, 1936 to April 1, 1937, Bradley State & Savings Bank purchased school orders issued by the school district, mainly to teachers and janitors, to the amount of $10,051.44, and exchanged them for an anticipation warrant for that amount, dated April 1, 1937, issued against the 1936 tax levy. Payments were made on the anticipation warrant, reducing it to $6,000 and on November 30, 1937, it was exchanged for a renewal warrant in the latter amount, issued against the 1937 levy. Subsequently the former treasurer, since deceased, paid $4,000 on the renewal warrant, and his successor paid the balance of $2,234 including the interest.

The pertinent portion of the statute authorizing the issuance of anticipation warrants by school officers, in effect at the time the warrants in this case were issued against the 1937 tax levy, (Ill. Rev. Stat. 1943, ch. 122, par. 125 [Jones Ill. Stats. Ann. 123.132]), provided that when there is no money in the treasury of any school district to defray the necessary expenses of the district, including amounts necessary to pay maturing principal and interest on bonds, warrants may be issued, or a fund provided to meet such expenses by issuing and disposing of warrants drawn against and in anticipation of any taxes levied for the payment of the necessary expenses of the district, either for educational or building purposes, or for the payment of maturing principal and interest of bonds, as the case may be, to the extent of 75 per cent of the total amount of the tax so levied, and that "Such warrants shall show upon their face that they are payable in the numerical order of their issuance solely from

such taxes when collected . . . and such taxes shall be set apart and held for their payment."

It is so well settled as to admit of no argument to the contrary, that when an anticipation warrant is issued, it is a closed transaction. An anticipation warrant is simply an assignment of tax money which directs the treasurer to pay the holder. No debt is created thereby, and after delivery, there is no obligation upon it, either absolute or contingent, to pay out of anything except the levy anticipated, when collected. They are not liabilities of the municipality or school district by which they are issued, and are not, and cannot be, corporate obligations under section 12 of article IX of the constitution. Changing them into bonds or other forms does not make them corporate liabilities or change the character of the liability, and acts purporting to authorize the issue of such bonds have been held unconstitutional. Even a judgment entered on tax anticipation warrants cannot be paid with the corporate funds. If a supposed liability has inception in a tax anticipation warrant, such liability is still based upon such warrant, in whatever form the claim may thereafter assume, and the invalidity of the original claim cannot be avoided by simply changing the form in which it is presented in an effort to conceal its identity. (*Newberry Library v. Board of Education,* 390 Ill. 48, 52, 53; *Lubezny v. Ball,* 389 Ill. 263, 268; *Leviton v. Board of Education,* 374 Ill. 594; *Dimond v. Commissioner of Highways of Ottawa,* 366 Ill. 503; *Berman v. Board of Education,* 360 Ill. 535.) These holdings are in harmony with the provision of the statute that anticipation warrants are "payable solely from such taxes when collected," from which it follows that an anticipation warrant issued against the taxes of a particular year, can be paid only from the taxes levied for that year, and does not lose its identity by being exchanged for something else, whether it be a bond, a judgment, or a warrant

of a subsequent year. The power to issue and pay anticipation warrants is purely statutory, and is expressly confined to payment thereof from the taxes collected from the particular levy against which they are issued, and renewal warrants payable out of taxes of a subsequent year in exchange for warrants of a prior year are issued without statutory authority and are void. (*In re Estate of Stevenson*, 318 Ill. App. 178, 182. Leave to appeal denied, 321 Ill. App. XIV.) Under these holdings, the trial court correctly held that the $5,000 warrant held by Ida Beckers, the $7,300 warrant held by Fred C. Hamilton, and the $5,600 warrant held by Charles P. and Louise Cryier, were void. The $1,650 warrant held by the trustees of schools, and the $6,000 warrant of Bradley State and Savings Bank, on which payments were made were likewise void for the same reason. We are further of the opinion that the $5,600 warrant held by Charles P. and Louise Cryier was also void for the reason stated in the special master's report and the decree. The resolution for the issuance of anticipation warrants, which is the authority for their issuance, was not adopted until November 3, 1937. The Cryiers have not shown that the board of education took any action prior to that time authorizing the issuance of their $5,600 warrant on October 20. The fact that the board of education had left signed blank warrants in the possession of the treasurer, would not make the $5,600 warrant valid. Powers conferred upon a board of education can be exercised only at regular or special meetings of the board. (Ill. Rev. Stat. 1943, ch. 122, par. 119 [Jones Ill. Stats. Ann. 123.126]; *People v. Smith*, 149 Ill. 549, 551.)

As to the $5,000 warrant of Ida Beckers, her husband testified that the former treasurer told him when the exchanges for renewal warrants were made, that the old warrant could be paid if they wanted the money and always called them up to see whether they

did or did not want it. It is argued that the effect of taking the renewal warrant was the same in equity as if the old warrant had been paid and a new warrant purchased, and she invokes the presumption that official acts are legally performed. There is no testimony to indicate the amount of money collected on the levies for the years prior to 1937, or to show how many warrants were issued in any of the prior years, or their amount, or their priority, if any, and no showing that there was sufficient money in the treasury of the school district in any prior year to pay the $5,000 warrant in its proper order, or to pay any other anticipation warrant. So far as the statement of the treasurer is concerned, he may have intended to retire the matured $5,000 warrant by selling a warrant of the current year to someone else and paying the matured warrant out of the proceeds. Mr. Beckers did not testify that the treasurer suggested the course pursued, or that Mrs. Beckers purchase a new warrant, but only stated that the matured warrant could be paid. Taking a renewal warrant amounted to a rejection of the treasurer's offer, and a voluntary election to take a renewal warrant instead. Both parties are presumed to have known the applicable law, and in this case the presumption that official acts are legally performed, vanishes.

Appellants all claim that the court erred in dismissing the suit as to the board of education and the school district, Fred C. Hamilton and Ida Beckers say that the board received full and adequate benefits from the $5,862.84 expended by them for corporate purposes out of funds which belonged to the holders of the 1937 warrants, and they argue that to hold that the board could use money set apart for the specific purpose of paying these warrants without becoming liable therefor, would do violence to every equitable principle and the doctrine of trusts. The answer to this claim is that the warrants upon which they invoke it, are void

and they could not participate in the fund even if restored. They have no standing to complain of anything which does not affect them.

The claim of Charles P. and Louise Cryier, that even if their 1937 warrant is invalid, the board of education should account for moneys received from them in 1935 and 1936 and used for corporate purposes, is equally untenable. Their counterclaim is based only upon the theory that the board of education should account for the proceeds of the 1937 levy, and the prayer is only to that end.

The Bradley State & Savings Bank's claim that it is in a different position than the other defendants because it was a creditor of the school district and not merely the holder of an anticipation warrant, and that its debt, being the total amount of the orders of the district, originally purchased by it, was paid by the district before the litigation commenced, is without merit. The record shows that the bank surrendered the original orders when it received the $10,051.44 warrant, and the payments to the bank were made, not on the original orders surrendered, but on that anticipation warrant and the renewal warrant of $6,000. Although the cashier testified that the teachers' orders were not cancelled when he received the original anticipation warrant, and were kept for the purpose of substantiating the anticipation warrant, it is obvious that the fact that the treasurer did not manually cancel them could not have the effect of keeping them alive for the benefit of the bank after they were surrendered to him in exchange for an anticipation warrant. The cashier's testimony that the treasurer called and asked if the bank would accept the anticipation warrant in return for those orders, and that they accepted the warrant, but that there was no understanding at that time that if the bank purchased those orders that it would be paid by an anticipation warrant, does not support the contention that the anticipation warrant

was merely additional security, and cases cited holding that the acceptance of additional security does not operate as a satisfaction of the original obligation, have no application here. None of the appellants are in a position to claim that the court erred in dismissing the suit as to the board of education and the school district.

The remaining question is whether the court erred in ordering the bank to pay appellant $3,817.07 out of the payments made by the treasurer on the 1937 warrant of the bank. The decree and the claim of appellee is based on the doctrine of a constructive trust. The statute expressly provides that anticipation warrants are payable "solely from such taxes when collected . . . and such taxes shall be set apart and held for their payment." This is an explicit segregation of that portion of the taxes for that particular purpose in the hands of the school treasurer for the benefit of the holders of valid anticipation warrants issued against it. A trust is defined as an obligation arising out of a confidence reposed in a person, for the benefit of another, to apply property faithfully and according to such confidence. (*Gurnett v. Mutual Life Ins. Co. of New York,* 356 Ill. 612, 617.) A trust is also said to be in the nature of a deposition by which a proprietor transfers to another the property of the subject intrusted, not that it should remain with him, but that it should be applied to certain uses for the behoof of a third party. (*Marble v. Estate of Marble,* 304 Ill. 229, 240.) Under these definitions it cannot be seriously contended that the statute does not create a trust and constitute the school treasurer a trustee for the purpose mentioned therein. The language of the statute is notice of the trust, to everybody. Furthermore, the successor treasurer, who paid the $2,234 on the bank's warrant, was also a stockholder, officer and director of the bank. Knowledge of an officer and director of a corporation is actual notice to the corporation itself. (*Indiana, I. & I. R. Co. v. Swannell,*

157 Ill. 616, 629.) While the trust is not analogous to the trust for the payment of municipal special assessment bonds, where the special assessment fund is held in trust for the payment of all the bonds pro rata, and anticipation warrants have priority in the order of their issue, (*Lubezny v. Ball, supra*), the school treasurer is a trustee for their payment in that order, and the statute manifestly does not apply to an invalid warrant, although it antedates a valid warrant, and any unauthorized payment from the fund segregated in trust for the payment of valid warrants is a breach of the statute and of the trust, with notice of which everybody is charged.

While it is true as a general principle of law, as contended by the bank, that a person cannot recover money paid out by him under a mistake of law, that doctrine has no application here. The plaintiff is not suing to recover money paid out by her to the bank, and the decree is not that the bank pay the money back to the person from which it received payment. In *Trustees of Schools of Tp. No. 20, Whiteside County v. Central Nat. Bank of Sterling,* 312 Ill. App. 659, relied upon by appellant bank, where the suit was brought to recover money paid by the school treasurer to retire tax anticipation warrants, on a charge that the warrants were invalid because issued by the school trustees instead of by the school directors of the several school districts, and credit was extended the treasurer and the money used by him in paying legitimate withdrawals by the school district, we affirmed a judgment for the defendant on the ground that the principle of subrogation applied, and that even if the warrants were invalid, it would be unconscionable and create unjust enrichment to allow recovery. If the judgment in this case against the bank should be reversed, the bank would be unjustly enriched at the plaintiff's expense. That case does not tend to uphold the bank's contention. Nor can the doctrine invoked by

the bank be applied in a suit by a *cestui que trust* to recover money wrongfully diverted by the trustee. Trusts are enforced, not only against those persons who are rightfully possessed of the property, but also against all persons who come into possession of the trust property with actual or presumptive notice of the trust. (*School Trustees v. Kirwin*, 25 Ill. 73; *Breit v. Yeaton*, 101 Ill. 242, 268; *Wells v. Messenger*, 249 Ill. 72, 77.) When the former treasurer, and his successor, paid the bank the $6,000 on the invalid warrant, the bank had actual or constructive notice of the trust, and held the fund acquired subject to the same trust which before existed, and itself became trustee for the original beneficiaries. (*Evans v. Moore*, 247 Ill. 60, 71; *Indiana, I. & I. R. Co. v. Swannell, supra.*)

The bank's claim that it is liable only for the amount necessary to pay the valid warrants with interest to September 2, 1938, the date of the last payment to the bank, is without merit. The holding in *VanBuskirk v. VanBuskirk*, 148 Ill. 9, 26, relied upon by the bank, that where a trustee has acted in good faith, a court of equity will not charge him with proceeds or profits which he might have received, has no application here. No profits on the amount received are embraced in the decree or sought by appellee. The money ordered by the decree to be paid to appellee by the bank, was set apart by law for her, and, under the statute, belonged to her as *cestui que trust* at the time the bank received it, impressed with the original trust. (*Evans v. Moore, supra.*) The court correctly ordered the bank to pay appellee the sum of $3,718.07. The same is true of the amount ordered to be paid to her by the trustees of schools. It follows that there was no error in assessing part of the costs against the bank.

We find no error in the decree, and it is affirmed.

*Decree affirmed.*