William Waller, Jr. and Virginia Waller Hill, Trustees, Appellees, v. Lucia T. Waller et al.
Appeal of Massachusetts Mutual Life Insurance Company and National Life Insurance Company, Appellants.

Gen. No. 44,987.

Heard in the first division of this court for the first district at the December term, 1949. Opinion filed June 5, 1950. Released for publication June 26, 1950.

ECKERT, PETERSON & LEEMING, of Chicago, for appellants; OWEN RALL and WALTER P. STEFFEN, both of Chicago, of counsel.

EGBERT ROBERTSON and EDMUND L. MCGIBBON, both of Chicago, for appellees.

MR. PRESIDING JUSTICE TUOHY delivered the opinion of the court.

Defendants Massachusetts Mutual Life Insurance Company and National Life Insurance Company appeal from portions of a decree entered by the circuit court of Cook county and from an order denying a petition to vacate the portions of the decree challenged. Emerging from lengthy pleadings is the fundamental question whether the assignee of a policyholder may surrender life insurance policies for their cash value without the consent of all irrevocable beneficiaries, and its corollary, whether or not the children of the insured who will gain by the cash surrender can represent, under the equitable doctrine of "virtual representation," the living minor grandchildren of the insured and the possible unborn issue whose interests as irrevocable beneficiaries are destroyed by the surrender.

The complaint herein was filed by William Waller, Jr., and Virginia Waller Hill, as trustees, seeking a decree that they are the owners of three insurance policies, one issued by the Massachusetts Mutual Life Insurance Company and two by the National Life Insurance Company, by virtue of an assignment from the insured; and that the trustees are vested with the full and complete ownership of all incidents of ownership of the policies excepting the power to change the beneficiaries, *but including full right to surrender said policies*.

Defendant insurance companies alleged that there were then in being three minor grandchildren of Lucia T. Waller and possible unborn persons who might be entitled to a share of the proceeds of the policies in case any of the children of Lucia T. Waller should predecease her, and denied that the plaintiff trustees had any right to surrender or receive surrender value of the policies. Defendants further al-

206

leged that the insured, Lucia T. Waller, had cancelled her right to make a change in the beneficiaries designated by her; that the entire ownership of the policies was vested in the beneficiaries, and that because of the irrevocable designation of the beneficiaries it could not at the time of the filing of the suit be determined whether all of the persons interested in the policies were in being or had been made parties to the suit; and that a decree foreclosing the rights of such beneficiaries would not protect defendants from subsequent claims of such beneficiaries.

Plaintiffs denied that any of the persons in being or unborn persons not made parties to the suit had any present or vested interest in the policies or were necessary parties to the proceedings. They denied, also, that the grandchildren of Lucia T. Waller and any unborn persons were unrepresented in the suit, and alleged that such persons were represented herein by their parents, respectively, and by the plaintiffs as trustees.

The cause was referred to a master in chancery who recommended a decree in favor of the plaintiffs. Exceptions to the report were overruled and a decree entered. The portions of the decree to which objection is made are contained in paragraphs 3, which has reference to the Massachusetts Mutual Life Insurance Company policy, and 5, which has reference to the National Life Insurance Company policies, which paragraphs are identical except for the names of the companies and the description of the policies. Paragraph 3 provides as follows:

"That Massachusetts Mutual Life Insurance Company, and its officers and agents, be and they are hereby perpetually enjoined and restrained from requiring any assent of said Lucia T. Waller in connection with the exercise of any right, option or privilege granted under the provisions of its policy No. 472464, and from

refusing to permit the exercise of any right, option or privilege for which said policy may provide if the exercise of the same be requested by William Waller, Jr., and Virginia Waller Hill as trustees under Trust No. 2462, or their successors as such trustees, and William Waller, Jr., Virginia Waller Hill, William Waller, III, Thatcher Waller and Lucia Waller Thatcher as beneficiaries under said policy, and from withholding payment from the trustees aforesaid of any dividend which may be payable upon said policy.''

It is alleged that the insurance companies have ''been advised'' that the persons intend to and claim the right to surrender the policies for their cash surrender value. This allegation is not denied.

The irrevocable provisions of the policy in the case of the Massachusetts Mutual Life Insurance Company are as follows:

''Make proceeds of the insurance under the above mentioned policy payable at my death, in equal shares to my husband, William Waller, Jr., and the children born of the marriage of myself and my said husband. If my said husband predeceases me, the share of the proceeds which would be paid to him, if living, shall be paid to the executors or administrators of my said husband. If any of my said children shall predecease me, the share of the proceeds which would be paid to such deceased child, if living, shall be paid to his or her then surviving issue, equally, but if there be no such surviving issue, then to the executors or administrators of such deceased child.

'' . . .

''The right to change the beneficial interest at any time without the consent of the beneficiary or beneficiaries is hereby specifically canceled and revoked.''

The National Life irrevocable beneficiary clause provides as follows:

"The proceeds of this policy will be paid in equal shares to those of insured's husband, William Waller, Jr., and insured's lawful children who are living, and *per stirpes* to the lawful children then living of any of insured's lawful children who shall have died, if any; otherwise in equal shares to the executors or administrators of said husband and of insured's lawful children.

"The right to designate a new beneficiary is not reserved."

The provision appearing in the policies bearing on the right to surrender and claim its cash value is, in the case of the Massachusetts Mutual policy, as follows:

"Within thirty-one days from the date of default, the insured may surrender the policy and, with the written assent of the person to whom it is made payable, receive its value in cash" etc.;

and in case of the National Life policy as follows:

"On failure to pay any premium or any part thereof, . . . when due, this policy . . . shall immediately lapse; if however, lapse occurs after three full years premiums have been paid the owner of the policy shall be entitled . . . to one of the settlements . . . Third, on application and legal surrender of this policy within three months, a Cash Value."

It is the contention of the National Life Insurance Company that "legal surrender" of a policy requires consent of the beneficiaries because under the law the surrender is not legal without such consent. *Helvering v. Parker,* 84 F.2d 838.

While the questions here involved have not before arisen upon identical facts, the principle of the Illinois cases, and cases where the issue was squarely presented in other jurisdictions, support the contention of the defendants that the grandchildren of Lucia

Waller, born and unborn, being irrevocable beneficiaries under the provisions of the policies of insurance here considered, are indispensable parties to this litigation and that these beneficiaries, not having been made parties to the suit nor represented by parties having identity of interest, are not bound by the decree.

In the recent case of *Fenske v. Equitable Life Assur. Society,* decided by this District, 340 Ill. App. 58, the insured had created irrevocable beneficiaries in the following language: "to Anna Fenske, wife, if living; if not, to child or children surviving, share and share alike." Subsequently the policy was assigned to a trustee under the terms of an agreement that upon the death of the insured, donor, the trustee should divide all cash remaining in the hands of the trustee equally among the children of the donor, and that, if any such beneficiaries died before receiving his or her share, such share should be paid as the deceased beneficiary might by his will or testament direct, and in the absence of such direction, be divided among the descendants of the deceased beneficiary *per stirpes* and not *per capita.* The policy lapsed during the lifetime of the insured, donor, and a request was made for cash surrender value. The insurance company agreed to the surrender of the policy for cash, provided it received releases made by "all parties at interest." At the time of this tender the insured had four adult children and six grandchildren, ranging from sixteen to thirty-five years of age. None of the grandchildren joined in the releases. The insurance company refused to accept the surrender of the policy on the ground that all parties at interest had not joined. In sustaining the insurance company's position the court said (pp. 62, 63):

"Where all the parties interested in the trust fund are *sui juris* they may consent to a termination of the trust and distribution of the fund (Perry on Trusts,

210

sec. 920), but this rule has never been applied where there are contingent interests in the trust which cannot be determined until the happening of certain events or where the interests of minors are involved. (*Anderson v. Williams*, 262 Ill. 308.) In the event some of the beneficiaries refuse to consent to the revocation of the trust, or are under an incapacity, or are not ascertained, the settlor cannot revoke the trust although the other beneficiaries consent. . . . Trusts cannot be terminated by agreement of the beneficiaries except in cases where the object of the trust has been practically accomplished and all interests created by it have become vested. . . .

". . . In requiring consent to revocation of the trust from all parties at interest Equitable sought to protect itself against the claims of all possible beneficiaries in the event the insured died before the policy expired. In our view, plaintiff's grandchildren are parties at interest within the meaning of the phrase appearing in Equitable's letter of February 15, 1943, and failure to obtain their consent warranted Equitable's refusal to pay plaintiff's claim."

██ The cases of *Mutual Life Ins. Co. v. Allen*, 212 Ill. 134, and *Morse v. Commissioner of Internal Revenue*, 100 F.2d 593, support the proposition that the beneficiary under a life insurance policy has an interest in the policy because it was made for his benefit, and that where irrevocably made, the policy may not be surrendered without his consent.

██ Counsel for plaintiffs do not dispute that where the interest of an irrevocably designated beneficiary is vested his consent is necessary to any surrender to the policy, but urge that in the instant case the policy became vested only in the husband and children of the insured. As to the other beneficiaries, plaintiffs assert the interests are contingent and consequently such beneficiaries have no such interest as

to make them indispensable parties to the suit. The logic of such distinction is not apparent to us. None of the beneficiaries will know whether he takes anything under the policies until the death of the insured. The beneficial interests of the adults are no more certain than are those of the minor grandchildren, born or unborn. The rights of all are contingent, in the sense that they must survive the insured in order to take, and there is no more certainty that the so-called "vested" interests will be effectuated than will be the so-called "contingent" interests. Supporting our conclusion is the general rule stated in Richards, The Law of Insurance (4th Ed. by Rowland H. Long, 1932), sec. 328 (pp. 556–558):

"The beneficiary's interest in a policy of life insurance is vested at the time the policy takes effect, if the right to change the beneficiary is not expressly reserved to the insured in the policy, otherwise it is not vested, and during the lifetime of the insured never rises above a mere expectancy.

". . .

"The effect of failure of the insured to reserve the right to change the beneficiary is to give the beneficiary a property right in the policy of which he may not be divested except by due process of law. Upon the maturity of the policy the proceeds are payable to the beneficiary. The insured cannot assign, or pledge the policy or receive a loan value or surrender and receive the cash value of the policy without the consent of the beneficiary. Nor can the insured and insurer acting together deprive the beneficiary of his right."

Further supporting this proposition are the cases of *Wilde v. Wilde,* 209 Mass. 205; *Entwistle v. Travelers' Ins. Co.,* 202 Pa. 141; *O'Brien v. New England Mut. Life Ins. Co.,* 128 N. J. Eq. 590; *Lockwood v. Michigan Mut. Life Ins. Co.,* 108 Mich. 334; *Wood v. Northwestern Mut. Life Ins. Co.* (N. J.), 5 A.2d 788;

*Blum v. New York Life Ins. Co.,* 197 Mo. 513; *Appeal of Brown,* 125 Pa. 303. This latter case seems to us to be very close on the facts in the instant case. There the insured died before the litigation was instituted. His wife was the primary beneficiary and her children the secondary beneficiaries under the policy of insurance. During the insured's lifetime an assignment was made by the insured and his wife. The Pennsylvania Supreme Court held that the children could not be prejudiced by the joint assignment made by the insured and the primary beneficiary while he was alive, saying at page 309:

". . . She [the wife] was the payee named in the first instance, but the promise to her was not an absolute and unconditional promise to pay to her, or to her administrators, executors or assigns, but a promise to pay her upon condition that she was living when the policy should fall due.

"If she survived her husband, the insurance money was payable to her, but if she did not, it was payable to her children then living. Their right to the money depended upon the terms of the contract, which was payable to them if she was not living at the death of the insured. They were parties to the contract, as truly as she was, and with as clear a right to sue upon it, upon the happening of the contingency that made them the payees, as she could have had if living. Her assignment put her assignee in no better position than she occupied, and conferred upon him no greater interest in the policy."

Reliance is placed by plaintiffs in the case of *Mutual Life Ins. Co. v. Devine,* 180 Ill. App. 422. They argue that the effect of that decision is that the interests of secondary beneficiaries remain contingent until the insured dies and the policy matures, and then for the first time becomes a vested interest. In that case the insured had taken out a policy payable to his wife, if

213

living; if not, to their children or their guardian. The wife predeceased the insured, survived by two children, Fred and Bertha. Bertha also predeceased insured, and the controversy arose between Fred, the survivor, and Bertha's administrator. The court decided that Fred was entitled to the entire proceeds of the policy. That case did not involve a dispute between so-called "primary" and "secondary" beneficiaries arising during the lifetime of the insured. It did not involve an attempt of primary beneficiaries to exclude secondary irrevocable beneficiaries of interest which could only be determined at the death of the insured. It was concerned primarily with ascertainment of the intention of the insured, as was indicated in the following language at page 428:

"Taking in connection with the language employed the well-known fact that life insurance is purchased for the benefit of the living and not the dead, we feel that it was clearly the intention of the insured to have the insurance money paid to the children who should be alive at the time the policy should mature, and that for that reason, irrespective of all other considerations, the policy should be so construed."

In the instant case there can be no question that the intention of the insured, assignor, clearly expressed in the policies, is that if upon her death any of her children now living are deceased their children should be entitled to the proceeds of the insurance policies. We do not consider the *Devine* case authority for the proposition asserted by plaintiffs, but on the contrary, the case supports our conclusion that the beneficiaries here are not ascertainable until the death of the insured.

Plaintiffs cite several cases from other jurisdictions, where the wife is named as beneficiary and the children as secondary beneficiaries, in support of the proposition that primary beneficiaries have vested interests,

214

secondary beneficiaries merely contingent interest. None of these cases involves an attempt on the part of primary beneficiaries to foreclose the interests of secondary beneficiaries by surrendering the policy for cash. They deal, for the most part, as in the *Devine* case, with situations arising after the death of the insured involving disputes between various classes of beneficiaries. We do not consider them determinative of the question before us. To the extent that the case of *Webster v. New England Mut. Life Ins. Co.*, 21 Dist. of Columbia Reports, 227, holds to the contrary of the cases here cited, we find it to be out of accord with the weight of authority.

██ Plaintiffs argue further that, if the contention of the insurance companies is upheld, all the option provisions of the policies constitute property rights which nobody owns and which are indefinitely suspended with no power in anyone to act upon. The irrevocable designation of beneficiaries was solely within the control of the insured. If she desired to make such arrangement for tax or other purposes, it was a matter with which the companies had no right to interfere. If the effect of such an arrangement was to waive one of the options in the policy, that, too, was a matter over which the insured had full freedom of election. By naming irrevocably her grandchildren as secondary beneficiaries, she voluntarily created rights and interests which the insurance companies are under legal obligation to respect.

The secondary beneficiaries now in being, as well as unborn secondary beneficiaries, were necessary parties to any suit which had the termination of the insured's policies as one of its objects. In *Equitable Life Assurance Society v. Patterson,* 1 Fed. 126, where the complaint sought to set aside policies on the life of one Charles G. Patterson, which were payable to his wife, if living, and if not, then to their children,

the court held that the children were necessary parties to the suit, saying at page 127:

"The insurance money, by the terms of the policy, is payable to the children at the decease of Charles G. Patterson, the father, if Fannie E. Patterson, the mother, is not then living. This clearly gives the children a contingent interest in the policy, and they are, therefore, proper and necessary parties to a bill in equity to set aside the policy for any cause."

We hold that the trial court not only erred in proceeding to a decree and in refusing to vacate the portions which deprive the secondary beneficiaries of their rights under the policies without their consent and without making them parties to the suit, but also in precluding them of an opportunity to raise by counsel any and all defenses which may have been available to them.

 We disagree with the contention that the interests of the minor beneficiaries were represented by their parents, whose interests were identical with theirs, and by the trustees, as we have heretofore pointed out the interests of the minor beneficiaries and that of their parents and trustees are conflicting. The minors have valuable property interests in these insurance policies, which, if the contention of the parents and trustees is upheld, would be extinguished. It is a well-recognized principle of law that in order to bind members of a class upon the doctrine of virtual representation, there must exist a community of interest between those to be bound and their representatives. The interest of those who are absent must be identical with those who are before the court. *Weberpals v. Jenny,* 300 Ill. 145; *State Life Ins. Co. v. Board of Education,* 394 Ill. 301, 308, 309; *Mortimore v. Bashore,* 317 Ill. 535; *Downey v. Seib,* 185 N. Y. 427. Furthermore, the interest of persons not before the

216

court will not be bound by a decree in equity. *Newberry Library v. Board of Education*, 387 Ill. 85; *Pennoyer v. Neff*, 95 U. S. 714.

For error of the trial court in holding that the plaintiffs and primary beneficiaries may surrender and terminate the policies without the consent of the secondary beneficiaries and for want of necessary parties, the portions of the decree appealed from are reversed, and the cause is remanded to the trial court with directions to make parties to this proceeding those having an interest as indicated in this opinion, and for further proceedings in conformity therewith.

*Reversed and remanded with directions.*

NIEMEYER and FEINBERG, JJ., concur.